C. A. MOORE v. THOMAS J. HARKINS, ADMINISTRATOR.

(Filed 5 May, 1920.)

**1. Rehearing—Second Rehearing—Appeal and Error.**

> A party whose application for a rehearing of the case has been denied may not successfully petition for a rehearing, though additional reasons are given in the denial of the former petition by the court in reaching the same conclusion.

**2. Same—Opposing Party.**

> Where a petition to rehear a case in the Supreme Court has been allowed, the opposing party only may petition for a second rehearing thereof.

**3. Rehearing—Court's Discretion—Rules of Court—Appeal and Error.**

> Unlike an appeal, a petition to rehear is a matter in the discretion of the Supreme Court to be exercised under the rules prescribed by it. Rule 53.

*C. A. Moore in persona for plaintiff.*

No counsel, contra.

CLARK, C. J.   This is a second petition to rehear, and in fact a third petition, which the plaintiff styles: "A further petition to rehear."

The case sought to be reheard was decided 27 December, 1919, opinion by *Brown, J.*   The first petition to rehear was ordered docketed by the two justices to whom it was referred at request of petitioner under Rule 53, and upon consideration by the Court the original decision was reaffirmed and the petition dismissed.

A second petition was sent in, but did not receive the approval of the two justices to whom it was referred, and under the rules of the Court was not docketed, and was returned to the petitioner denied, with a statement from the clerk, by authority of the court, that a second application for rehearing by the same party was not allowable, and the petitioner

was referred to *Nelson v. Hunter,* 145 N. C., 334, where it is said: "A second rehearing is permissible only when on the first rehearing we have reversed or materially changed the opinion that was sought to be reheard, as in *Elmore v. R. R.,* 132 N. C., 865," and the second petition is by the other party.

In this third petition to rehear it is evidence that the petitioner misunderstood the reference to *Elmore v. R. R., supra,* which was cited as presenting the only condition in which a second rehearing was allowable. In *Elmore's case* on the first rehearing the original opinion was reversed, and the second rehearing was allowed on application by the opposite party, and the original decision reinstated.

The rule is almost without exception in the precedents that when a petition to rehear is denied a second petition by the same party is not permissible. Otherwise, as the Court said in *Crawfordsville v. Johnson,* 51 Indiana, 400, in denying a second petition to rehear: "If a second petition for rehearing can be filed by the same party in the same case why may not 10, 20, or 100 petitions for rehearing be filed by the same party in the same case?"

In *Williams v. Conger,* 131 U. S., 390, the Court said that having denied the petition to rehear, "the persistent renewal of the application . . . is not in order, and does not recommend itself to the favorable consideration of the Court." In *Bank v. Grunthal,* 39 Fla., 388, the Court said: "A second application for the rehearing of a cause in the appellate court by the same party, and upon the same ground as a former application that has been considered and denied is irregular and must be denied."

In *Bope v. Ferris,* 88 Mich., 300, it was held that a rehearing not being a matter of right, an order denying a former petition to rehear cannot itself be reheard. To the same purport *Coates v. Cunningham,* 100 Ill., 453. In *Smith v. Dennison,* 101 Ill., 657, it is said: "A second petition for rehearing of a cause by the same party cannot be entertained," citing *Garrett v. Chamberlain,* 100 Ill., 476, and adds: "It matters not that upon the denial of the first petition the court saw proper to modify the language of its opinion previously filed. It is the *decision* of the Court, not so much the reasons which may have been assigned, that is subject for reconsideration upon an application for the rehearing of a cause. If the decision originally made is adhered to on such reconsideration, although the reasons given for it may be modified, or the grounds of decision changed, it will not be open to further review at the instance of the same party." There was no change as to the language, or reasoning, of the opinion in the present case in denying the first petition to rehear, but we give the above citation as applicable in such cases.

In *Newberry v. Blatchford,* 106 Ill., 584, the Court said that after denying a rehearing the Court will not reopen the discussion of the

MOORE *v.* HARKINS.

questions previously determined, on the application of the same party, pointing out that as the Court would not hear the same questions presented by a second appeal in the same case, it would not do so upon an application for a second rehearing. In a later case, *Leathe v. Thomas,* 233 Ill., 430, the Court said: "When a petition for rehearing has been denied another application for rehearing will not be entertained."

"Only one rehearing is granted in any cause, unless matters are decided on the rehearing which had not been previously considered, and are reserved for rehearing." *S. v. Willson,* 37 La. Ann., 737; *Westerfield v. Lewis,* 43 La. Ann., 63. In 3 Cyc., 218, it is said: "A second application for the rehearing of a cause by the same party, and upon the same grounds on which as a former application has been considered and denied, will not be entertained," citing authorities in the notes.

In *Watson v. Dodd,* 72 N. C., 240, the Court said: "The weightiest considerations make it the duty of the courts to adhere to their decisions. No case ought to be reversed upon petition to rehear unless it was decided hastily and some material point was overlooked or some direct authority was not called to the attention of the Court." See very numerous citations to that case in Anno. Ed. For a stronger reason, when the losing party has had opportunity by a petition to rehear to show that such material point was overlooked, or that some direct authority was not called to the attention of the Court, or that the case was decided hastily, and has failed to so satisfy the Court, he should not be again heard upon another petition to rehear.

*Interest republicae ut sit finis litium.* When a party, by reason of a nonsuit or otherwise, renews his action on the same ground again and again, before a magistrate, or before the Superior Court, the courts will prevent a defendant (who has some rights) being oppressed or annoyed by vexatious litigation, and will restrain the persistent plaintiff from bringing further action by a bill of peace. Certainly the courts should not permit a party to renew his litigation by petition to rehear unless the petition is well founded, and when it has once decided that it is not, it cannot be again presented by a second, or in this case a third, application to rehear.

It appears from the opinion of *Brown, J.,* in this case, *ante,* 167, that this matter has occupied its full share of the time of the courts. He says, "The identical cause was before this Court in a case between the same parties at Spring Term, 1916, 171 N. C., 697," and the action was dismissed. "Another action was brought 5 November, 1914, and tried before Harding, J., February Term, 1916, in which a judgment of nonsuit was entered, the cause of action being based upon the same drafts or assignments."

"Another action was brought 24 February, 1917, based upon the same cause of action, and was tried April Term, 1918, before Stacy, J., upon

MOORE *v.* HARKINS.

the following issues: 'Is the defendant indebted to the plaintiff, and if so, for what amount? Answer: No.' '2. Is the plaintiff's claim barred by the statute of limitations. Answer: No.'

"The court set aside the verdict of the jury as to the second issue, and ordered judgment against the plaintiff upon the first issue. . . . An appeal was taken to this Court, and appears in 177 N. C., 114. In closing its opinion, the Court said: 'We think the charge on the first issue was correct, and practically reduced the controversy to one of fact, which has been settled by the jury's finding on the first issue.' "

The opinion in this case, *ante,* 168, citing 171 N. C., 697, and 177 N. C., 114, between the same parties, was very carefully and considerately written. The first petition to rehear it was docketed by leave of the two judges to whom it was referred, and upon reconsideration of the Court it was denied. The second and third petitions to rehear, as held in the authorities above cited, are "irregular and cannot be entertained." We have been thus full in discussing the matter out of consideration to the plaintiff, who is fully satisfied that this Court has been in error all along, but he has had his constitutional "day in court"— several days in fact. We decided the case according to what we believe correct, and we deem it now due to the defendant, and every defendant in like case, that he should not be further vexed by litigation over the same subject-matter, and that other litigants should have opportunity to be heard.

An appeal is a matter of right, but a petition to rehear is not. It is a matter in the discretion of the Court, and must be exercised according to the rules prescribed by this Court (Rule 53), which has sole control of its own practice and procedure, *Herndon v. Ins. Co.,* 111 N. C., 384, and cases there cited, and citations to that case in the Anno. Ed. And among these conditions are this that when the Court has granted or has denied a petition to rehear, whether such petition fails by reason of the refusal of the two judges (to whom the matter has been referred by the petitioner) to order it docketed, or is denied by the Court, as in this case, after it is docketed and reconsidered, that is the end of litigation, and no further rehearing can be had upon the application of the same party. This is only permissible as already said, when on the rehearing the former opinion is reversed, in which case the respondent can file his petition to rehear as in *Elmore v. R. R.,* 132 N. C., 865, cited in *Nelson v. Hunter,* 145 N. C., 334.

In this, as in the two previous petitions to rehear, the petitioner is particularly insistent that in the case sought to be reheard he was denied a trial by jury. The merits of the petition cannot be considered, as they were passed upon when we denied the first petition, but we reiterate, as said by *Brown, J., ante,* 169, (the opinion in this case), that the

DENNY *v.* R. R.

jury found on the identical cause of action between the same parties in the trial before Stacy, J., April, 1918, against the plaintiff, and on appeal the judgment was sustained, 177 N. C., 114. That is an estoppel by record, and there was no fact to submit to the jury.

Petition dismissed.