CYNTHIA BOCKWEG AND HUSBAND, GREGORY BOCKWEG v. STEPHEN G. ANDERSON, BONNEY H. CLARK, EXECUTRIX OF THE ESTATE OF R. PERRY B. CLARK, AND LYNDHURST GYNECOLOGIC ASSOCIATES, P.A.

No. 7PA92

(Filed 8 April 1993)

1. **Appeal and Error § 118 (NCI4th) — res judicata — denial of summary judgment — right of immediate appeal**

   The denial of a motion for summary judgment based on the defense of *res judicata* may affect a substantial right and is immediately appealable because denial of the motion could lead to a second trial in frustration of the underlying principle of *res judicata* that a final judgment on the merits of a prior action in a court of competent jurisdiction precludes a second suit involving the same claim between the same parties or those in privity with them.

   **Am Jur 2d, Appeal and Error § 104.**

   **Reviewability of order denying motion for summary judgment. 15 ALR3d 899.**

2. **Judgments § 205 (NCI4th) — res judicata — claim preclusion — collateral estoppel — issue preclusion**

   Where the second action between two parties is upon the same claim, the prior judgment serves as a bar to the relitigation of all matters that were or should have been adjudicated in the prior action. Where the second action between the same parties is upon a different claim, the prior judgment serves as a bar only as to issues actually litigated and determined in the original action.

   **Am Jur 2d, Judgments §§ 396, 405-407, 409, 410, 415, 417.**

BOCKWEG v. ANDERSON

[333 N.C. 486 (1993)]

3. **Judgments §§ 215, 294 (NCI4th)— federal court action— voluntary dismissal of negligent diagnosis and treatment allegations—subsequent state court action—federal judgment not res judicata—consent to separation of claim**

Where plaintiffs originally alleged in a federal court action that defendants were liable to plaintiffs for (1) the negligent failure to provide adequate nutrition which caused the female plaintiff to suffer brain damage, and (2) the negligent diagnosis and treatment of the female plaintiff's pelvic infection which led to the loss of her reproductive organs, and before the federal trial the parties stipulated to the voluntary dismissal of the allegations regarding defendants' negligence in diagnosing and treating the pelvic infection, the only issue presented by the pleadings in the federal court action was plaintiffs' claim based on defendants' negligent failure to provide the female plaintiff with the appropriate nutrition, and the judgment on the jury verdict in the federal court action is not *res judicata* to the present state court action involving defendants' alleged negligent diagnosis and treatment of the pelvic infection. Even if it is assumed *arguendo* that the two actions pursued by plaintiffs should be treated as raising the same claim under the transactional approach, defendants consented to the separation of plaintiffs' claim into two actions when they signed the stipulated dismissal of the pelvic infection allegations and may not now be heard to complain.

**Am Jur 2d, Judgments §§ 418, 419.**

**Waiver of, by failure to promptly raise, objection to splitting cause of action. 40 ALR3d 108.**

Justice MEYER dissenting.

Justice PARKER did not participate in the consideration or decision of this case.

On discretionary review pursuant to N.C.G.S. § 7A-31 prior to determination by the Court of Appeals of the denial of defendants' motion for summary judgment on the basis of *res judicata* by Hairston, J., entered on 8 October 1991 at the Civil Non-Jury Session of Superior Court, Forsyth County. By order dated 4 March 1992 the Supreme Court allowed defendants' petition for discretionary review in addition to writs of certiorari and supersedeas

pursuant to N.C.G.S. § 7A-32(b). Heard in the Supreme Court 11 September 1992.

*Grover C. McCain, Jr., Kenneth B. Oettinger, and William R. Hamilton* for plaintiff-appellees.

*Petree Stockton & Robinson, by J. Robert Elster, Stephen R. Berlin, and Henry C. Roemer, III,* for defendant-appellants.

FRYE, Justice.

This case presents two issues for our review. First, we must determine whether the trial court's denial of defendants' motion for summary judgment based on the doctrine of *res judicata* is immediately appealable. If it is, we must then determine whether the trial court erred in this case by concluding that *res judicata* does not bar plaintiffs' present action. While we hold that the denial of defendants' motion for summary judgment based on *res judicata* is immediately appealable, we also hold that the trial court correctly concluded that the doctrine of *res judicata* does not bar plaintiffs' action in this case.

I.

Prior to the present action, plaintiffs filed a negligence action in the United States District Court for the Middle District of North Carolina [hereinafter the federal court action] against these and other defendants. Plaintiff Cynthia Bockweg claimed, *inter alia,* that: 1) defendants were negligent in their failure to monitor her nutrition and in their failure to provide the proper vitamins and trace elements in the intravenous feeding solution during her hospital stay which caused her to suffer brain damage; and 2) defendants were negligent in their failure to appropriately diagnose and treat a pelvic infection which led to the unnecessary loss of her reproductive organs. Plaintiff Gregory Bockweg claimed damages for loss of consortium, companionship, society and services resulting from defendants' negligence. On 2 November 1987, by stipulation, the parties voluntarily dismissed without prejudice the claim regarding the loss of Mrs. Bockweg's reproductive organs as to defendants Anderson, the Estate of R. Perry B. Clark (Estate of Clark), Lyndhurst Gynecologic Associates (Lyndhurst Associates) and another defendant. After the partial voluntary dismissal, the Estate of Clark was no longer a party defendant in the federal court action. Before proceeding to trial in federal court, plaintiffs settled

with various other defendants with respect to the claim regarding Mrs. Bockweg's brain damage. The case proceeded to trial in federal court in March 1989 as against defendants Anderson and Lyndhurst Associates based on the claim regarding Mrs. Bockweg's brain damage. The jury returned a verdict in favor of defendants, finding that plaintiffs were not damaged by the negligence of these defendants. Judgment was entered accordingly on 27 March 1989.

On 18 October 1988, within one year of the partial voluntary dismissal, the claim regarding the loss of Mrs. Bockweg's reproductive organs was refiled by plaintiffs in Forsyth County Superior Court [hereinafter the state court action]. Defendants moved to dismiss the action on the basis of the statute of limitations set forth in N.C.G.S. § 1-15(c). The trial court treated the motion as a motion for summary judgment and granted the motion. Plaintiffs appealed to the Court of Appeals which reversed the trial court. *Bockweg v. Anderson*, 96 N.C. App. 660, 387 S.E.2d 59 (1990). On discretionary review requested by defendants, this Court affirmed the Court of Appeals, holding that the savings provision of N.C.G.S. § 1A-1, Rule 41(a)(1) applies when parties "stipulate to a voluntary dismissal without prejudice of an action in a federal district court sitting in North Carolina and plaintiffs file the same action within the one-year period in a North Carolina state court." *Bockweg v. Anderson*, 328 N.C. 436, 437, 402 S.E.2d 627, 627, *reh'g denied*, 329 N.C. 277, 406 S.E.2d 599 (1991) (*Bockweg I*).

Upon remand to the Superior Court, defendants Anderson, the Estate of Clark, and Lyndhurst Associates filed a motion to dismiss, an alternative motion for summary judgment based on *res judicata* and estoppel, a motion for credit and their answer. Judge Hairston denied defendants' motion for summary judgment on 8 October 1991. Defendants appealed to the Court of Appeals and filed a petition in this Court for discretionary review prior to determination by the Court of Appeals on the *res judicata* issue. On 21 January 1992, plaintiffs filed a motion to dismiss appeal in the Court of Appeals. The Court of Appeals dismissed the appeal on 4 February 1992. Defendants then filed petitions for writs of certiorari and supersedeas in this Court. On 4 March 1992, this Court allowed the writs and petition. We now affirm the trial court.

II.

In reviewing the trial court's denial of defendants' motion for summary judgment, we must view the facts in the light most

favorable to the non-moving party. *Flippin v. Jarrell*, 301 N.C. 108, 111, 270 S.E.2d 482, 485 (1980), *reh'g denied*, 301 N.C. 727, 274 S.E.2d 228 (1981). Taken in this light, the allegations of the complaint in the present state court action show the following sequence of events. On 4 December 1983 plaintiff Cynthia Bockweg was admitted to Forsyth Memorial Hospital by her obstetrician R. Perry B. Clark for delivery of her baby. The baby was delivered by cesarean section. During the cesarean section, a laceration of a uterine segment occurred and was reportedly repaired by Dr. Clark. Post-operatively, Mrs. Bockweg developed an infection and fever and was treated with antibiotics prior to her discharge from the hospital on 11 December 1983.

Due to her continued fevers and discomfort, Mrs. Bockweg was readmitted to the hospital on 16 December 1983 by Stephen Anderson, the medical partner of Dr. Clark. Both of the doctors practiced with Lyndhurst Associates. When Mrs. Bockweg was readmitted she was diagnosed as having a "wound infection." A pelvic examination resulted in a diagnosis of parametritis, pelvic cellulitis, and probable ovarian abscess. On 2 January 1984, Dr. Anderson performed a laparotomy for the purpose of draining her abscess and also performed a complete hysterectomy and bilateral salpingo-oophorectomy on plaintiff. Subsequently, on 9 January 1984, Dr. Anderson performed another incision and drainage operation. On 7 February 1984, Mrs. Bockweg was finally discharged from the hospital. As a result of defendants' negligent diagnosis and treatment of the pelvic infection, Mrs. Bockweg underwent a hysterectomy and salpingo-oophorectomy resulting in the loss of her ability to bear children, prolonged hospitalization, pain, suffering, disability, loss of income and medical expenses.

III.

[1] Plaintiffs contend that defendants' appeal from the trial court's order denying their motion for summary judgment is interlocutory, premature and should be dismissed. As a general rule, a moving party may not appeal the denial of a motion for summary judgment because ordinarily such an order does not affect a "substantial right." *See Waters v. Personnel, Inc.*, 294 N.C. 200, 208, 240 S.E.2d 338, 344 (1978). However, we have noted that while "[t]he right to avoid one trial on the disputed issues is not normally a substantial right that would allow an interlocutory appeal, . . . the right to avoid the possibility of two trials on the same issues can be

such a substantial right." *Green v. Duke Power Co.*, 305 N.C. 603, 606, 290 S.E.2d 593, 595 (1982) (quoting *Survey in Developments in N.C. Law*, 1978, 57 N.C. L. Rev. 827, 907-08 (1979)). *See also Patterson v. DAC Corp.*, 66 N.C. App. 110, 310 S.E.2d 783 (1984) (appeal from order allowing summary judgment as to some defendants not premature where defendants' actions were interrelated since plaintiff might otherwise face a second trial based on the same issues and a possibility of inconsistent verdicts).

Under the doctrine of *res judicata*, a final judgment on the merits in a prior action in a court of competent jurisdiction precludes a second suit involving the same claim between the same parties or those in privity with them. *Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 428, 349 S.E.2d 552, 556 (1986). Thus, a motion for summary judgment based on *res judicata* is directed at preventing the possibility that a successful defendant, or one in privity with that defendant, will twice have to defend against the same claim by the same plaintiff, or one in privity with that plaintiff. Denial of the motion could lead to a second trial in frustration of the underlying principles of the doctrine of *res judicata*. Therefore, we hold that the denial of a motion for summary judgment based on the defense of *res judicata* may affect a substantial right, making the order immediately appealable. N.C.G.S. § 1-277 (1983); N.C.G.S. § 7A-27(d) (1989). *See also Kleibor v. Rogers*, 265 N.C. 304, 306, 144 S.E.2d 27, 29 (1965) (holding that an order "which *sustains* a demurrer to a plea in bar [*res judicata*] affects a substantial right and a defendant may appeal therefrom"). Accordingly, we reject plaintiffs' contention that defendants' appeal in this case should be dismissed.

IV.

We now turn to whether the trial court erred in denying defendants' motion for summary judgment based on *res judicata*. We conclude that the trial court did not err in denying defendants' motion. Thus, the present action is not barred by the final judgment in the prior federal court action.

[2] The companion doctrines of *res judicata* (claim preclusion) and collateral estoppel (issue preclusion) have been developed by the courts for the dual purposes of protecting litigants from the burden of relitigating previously decided matters and promoting judicial economy by preventing needless litigation. *See Park Lane Hosiery Co. v. Shore*, 439 U.S. 322, 58 L. Ed. 2d 552 (1979); *see also McInnis*,

318 N.C. 421, 349 S.E.2d 552. Both doctrines involve a form of estoppel by judgment. Where the second action between two parties is upon the same claim, the prior judgment serves as a bar to the relitigation of all matters that were or should have been adjudicated in the prior action. *McInnis*, 318 N.C. at 428, 349 S.E.2d at 556; *see also Cromwell v. County of Sac*, 94 U.S. 351, 352-53, 24 L. Ed. 195, 197-98 (1877). Where the second action between the same parties is upon a different claim, the prior judgment serves as a bar only as to issues actually litigated and determined in the original action. *McInnis*, 318 N.C. at 429, 349 S.E.2d at 557.

[3] Defendants make no contention that the issues relating to the diagnosis and treatment of the pelvic infection were actually litigated and determined in the prior federal action. Thus, they do not argue collateral estoppel. Rather, defendants argue *res judicata*, contending that the claims are the same and therefore the judgment from the prior federal action serves as a bar to the prosecution of this state court action. Thus, we must determine whether the present action involves the same claim as was brought to judgment in the federal court action.

We first note that the common law rule against claim-splitting is based on the principle that all damages incurred as the result of a single wrong must be recovered in one lawsuit. *Smith v. Pate*, 246 N.C. 63, 67, 97 S.E.2d 457, 460 (1957). Where a plaintiff has suffered multiple wrongs at the hands of a defendant, a plaintiff may normally bring successive actions, *see Jackson v. Kearns*, 185 N.C. 417, 117 S.E. 345 (1923); *Clothing Co. v. Hay*, 163 N.C. 495, 79 S.E. 955 (1913), or, at his option, may join several claims together in one lawsuit. N.C. R. Civ. P. 18(a) (1990).

While it is true that a "judgment is conclusive as to all issues raised by the pleadings," *see Hicks v. Koutro*, 249 N.C. 61, 64, 105 S.E.2d 196, 199 (1958), the judgment is not conclusive as to issues not raised by the pleadings which serve as the basis for the judgment. In *Hicks v. Koutro*, this Court held that where a party raises issues in the pleadings, it cannot, even with the consent of the opposing party, try those issues in a piecemeal fashion. *Id.* However, if certain issues are not raised by the pleadings, parties may agree to try those issues separately. *See Ferebee v. Sawyer*, 167 N.C. 199, 203, 83 S.E. 17, 19 (1914) (quoting *Tyler v. Capehart*, 125 N.C. 64, 70, 34 S.E. 108, 109 (1899) ("A judgment is decisive of the points raised by the pleadings, or which might

**BOCKWEG v. ANDERSON**

[333 N.C. 486 (1993)]

be properly predicated upon them; but does not embrace any matters which might have been brought into the litigation, or causes of action which the plaintiff might have joined, but which in fact are neither joined nor embraced by the pleadings.")).

We observe that the present action involves the same issues which were voluntarily dismissed by the parties from the federal court action. In the federal court action, plaintiffs originally alleged that Dr. Clark,[1] Dr. Anderson and Lyndhurst Associates were liable to plaintiffs for two different negligent acts leading to two different injuries: 1) the negligent failure to provide adequate nutrition which caused Mrs. Bockweg to suffer brain damage, and 2) the negligent diagnosis and treatment of her pelvic infection which led to the loss of her reproductive organs. Before the action went to trial, the parties stipulated to the voluntary dismissal of the allegations regarding defendants' negligence in diagnosing and treating the pelvic infection. The dismissed allegations, which are the subject of this state court action, were no longer a part of the federal court action. Therefore, the pleadings no longer raised the issue of defendant's negligence in reference thereto, nor could the issue have been submitted to or decided by the jury in the federal court action. It must follow then that the judgment on the jury verdict in the federal court action was not a final judgment on the merits of the dismissed claim so as to bar this state court action. The only issue presented by the pleadings in the prior action was plaintiffs' claim based on defendants' negligent failure to provide Mrs. Bockweg with the appropriate nutrition. Therefore, the judgment in the prior action is not *res judicata* to the present action involving defendants' negligent diagnosis and treatment of the pelvic infection.

Defendants advocate applying the "transactional approach," as outlined in the Restatement (Second) of Judgments § 24 (1982), to this case for a finding that the two issues are part of one claim which may not be split. Under that approach, all issues arising out of "a transaction or series of transactions" must be tried together as one claim. The transactional approach has been adopted generally by the federal courts and several state courts. *See, e.g., Expert Electric, Inc. v. Levine,* 554 F.2d 1227 (2nd Cir.), *cert. denied,* 434

---

1. In the prior federal court action, plaintiffs originally alleged that Dr. Clark was negligent only in regard to the second claim. Once those allegations were dismissed from the action, Dr. Clark was no longer a party to the action.

U.S. 903, 54 L. Ed. 2d 190 (1977); *United States v. Athlone Industries, Inc.*, 746 F.2d 977 (3rd Cir. 1984); *Kaspar Wire Works, Inc. v. Leco Engineering & Mach., Inc.*, 575 F.2d 530 (5th Cir. 1978). Defendants cite *Gaither Corp. v. Skinner*, 241 N.C. 532, 85 S.E.2d 909 (1955), for the proposition that this Court has also applied the approach. While *Gaither* may be read broadly as defendants contend, *Gaither* dealt with *res judicata* only in the context of a second suit for damages under an entire and indivisible contract, not a negligence action as in the instant case. In *Gaither*, we observed, "for the breach of an entire and indivisible contract only one action for damages will lie." *Id.* at 536, 85 S.E.2d at 912.

Defendants have not pointed to any authority to support their argument that, under the transactional approach, allegations of two different instances of negligence leading to two different injuries should constitute one claim which may not be split. The cases relied upon by defendant involve very different situations. *See, e.g., Alexander v. Chicago Park Dist.*, 773 F.2d 850, 854 (7th Cir. 1985), *cert. denied*, 475 U.S. 1095, 89 L. Ed. 2d 894 (1986) (mere change in legal theory does not create a new cause of action); *Harnett v. Billman*, 800 F.2d 1308, 1314 (4th Cir. 1986), *cert. denied*, 480 U.S. 932, 94 L. Ed. 2d 763 (1987) (change in theory or measure of relief does not create a new claim). These cases make it clear that subsequent actions which attempt to proceed by asserting a new legal theory or by seeking a different remedy are prohibited under the principles of *res judicata*. That is not the situation in this case. Plaintiffs did not merely change their legal theory or seek a different remedy. Rather, plaintiffs are seeking a remedy for a separate and distinct negligent act leading to a separate and distinct injury.

It has been noted that "the transactional test defines a process rather than an absolute concept." Charles A. Wright, *Federal Practice and Procedure* § 4407 at 63. In deciding whether a factual grouping constitutes a "transaction" or "series of transactions," the Restatement recommends that a court consider, among other things, "whether their treatment as a unit conforms to the parties' expectations[.]" Restatement (Second) of Judgments § 24(2). It is further noted that a limitation to the transactional approach is recognized where "[t]he parties have agreed in terms or in effect that the plaintiff may split his claim or the defendant has acquiesced therein[.]" *Id.* § 26(a).

## BOCKWEG v. ANDERSON

[333 N.C. 486 (1993)]

Assuming, *arguendo*, that the two actions pursued by plaintiffs should be treated as raising the same claim under the transactional approach, we nonetheless find that plaintiffs' present action is not barred. We believe that the facts of this case demonstrate that the parties intended to treat the two allegations of negligence separately. Plaintiffs contend that the stipulation to voluntarily dismiss the allegations pertaining to defendants' negligent treatment of the pelvic infection demonstrates defendants' understanding that those allegations raised a separate issue of negligence. Defendants complain that their agreement to allow plaintiffs to voluntarily dismiss part of the action does not amount to an agreement to defend the same claim twice. They further argue that under the federal rules plaintiffs should have amended the complaint rather than have taken a partial voluntary dismissal. Even so, in examining defendants' actions, we do not believe that this procedural argument alters the fact that defendants signed the stipulated dismissal indicating their consent to separate the action. Defendants had the option of withholding their consent to the partial voluntary dismissal without prejudice, thus forcing plaintiffs to decide whether to go forward on the claim or to seek a court-ordered dismissal. Fed. R. Civ. P. 41(a).

Further evidence of defendants' understanding that the issues would be treated separately is found in the fact that defendants proceeded in the defense of two actions without complaining on the ground that the two actions involved the same claim.[2] The present action for the negligent treatment of the pelvic infection was filed in state court on 18 October 1988, while the federal

---

2. While it is clear that defendants could not raise their *res judicata* defense until and unless the federal court action resulted in a final judgment, defendants could have moved to dismiss on the grounds of a prior action pending involving the same claim. *See Gardner v. Gardner*, 294 N.C. 172, 175 n.5, 240 S.E.2d 399, 402 n.5 (1977) (defendant may raise "a defense in the nature of the old plea in abatement" under Rule 12(b)) (*quoting Lehrer v. Manufacturing Co.*, 13 N.C. App. 412, 414, 185 S.E.2d 727, 729 (1972)). *See also Lehrer*, 13 N.C. App. at 416, 185 S.E.2d at 730 ("the defense of the prior pending action . . . should be considered first, as preliminary to a hearing on the merits"); *Brooks v. Brooks*, 107 N.C. App. 44, 47, 418 S.E.2d 534, 536 (1992) ("[a] plea in abatement based on a prior pending action, although not specifically enumerated in Rule 12(b) of the Rules of Civil Procedure is a preliminary motion of the type enumerated in Rule 12(b)(2)-(5)"). Since such an objection could result in dismissal of the action, raising it would certainly be in defendants' interest. Thus, the failure to assert such a defense may be considered in determining whether defendants intended to treat the issues raised by the two actions separately.

BOCKWEG v. ANDERSON

[333 N.C. 486 (1993)]

court action based on defendants' failure to provide adequate nutrition was still pending. The federal court action went to judgment on 27 March 1989, over five months after the present action was filed. We find no record evidence of an objection by defendants to the pendency of two actions involving the same claim. Rather, defendants vigorously defended both actions simultaneously. While the two actions were pending, defendants moved to dismiss the state court action on the grounds that the action was barred by the statute of limitations. Defendants pursued that defense all the way to this Court, where they lost. *Bockweg I*, 328 N.C. 436, 402 S.E.2d 627.

Even where a factual grouping is found to constitute one claim under the transactional approach, tacit consent to claim-splitting has been recognized if a defendant fails to object to splitting a single claim between two pending actions. *See Patrons Mut. Ins. v. Union Gas System*, 250 Kan. 722, 728, 830 P.2d 35, 40 (1992) (citing *Todd v. Central Petrol. Co.*, 155 Kan. 249, 124 P.2d 704 (1942) ); *Shaw v. Chell*, 176 Ohio St. 375, 199 N.E.2d 869 (1964). *See also* Restatement (Second) of Judgments § 26 cmt. a, illus. 1. While it may be impractical to require a defendant to object to a plaintiff's failure to join every claim growing out of a single transaction, "a defendant who is defending two simultaneous actions has little to lose and much to gain by an objection to the splitting." 18 Charles A. Wright, *Federal Practice and Procedure* § 4415, at 125. Failure to timely object to the other action pending may be viewed as consent to the claim-splitting.

In conclusion, we find that plaintiffs' present action is not barred by the final judgment in the prior federal court action since the pleadings upon which the judgment in the prior action was based did not raise the claim now presented. Further, even if we assume without deciding that the present claim should have been raised in the prior action under the transactional approach, we find that defendants acquiesced in the separation of the claim into two actions and may not now be heard to complain. To allow the judgment in the prior federal action to serve as a bar to the present state court action would, under the facts of this case, frustrate rather than further the underlying principles of *res judicata*. Notwithstanding defendants' contentions to the contrary, and notwithstanding two appeals to this Court, plaintiffs have not had their day in court on the claim that defendants were negligent

in their failure to properly diagnose and treat a pelvic infection which led to the loss of Mrs. Bockweg's reproductive organs.

For the foregoing reasons, the doctrine of *res judicata* is not applicable to bar plaintiffs' present action. We therefore affirm the trial court's denial of defendants' motion for summary judgment.

AFFIRMED.

Justice PARKER did not participate in the consideration or decision of this case.

Justice MEYER dissenting.

I agree with the majority that the denial of defendants' motion for summary judgment based on *res judicata* is immediately appealable. However, I disagree with the majority's conclusion that the doctrine of *res judicata* does not bar plaintiffs' action in this case.

I believe that only one claim exists in this case for one course of medical treatment. This claim is based on a single core of operative facts and on two tightly intertwined theories of medical negligence: (1) negligence in the diagnosis and treatment of plaintiff Cynthia Bockweg's pelvic infection, and (2) failure to monitor properly plaintiff's nutritional status. Both legal theories arise from one single core of facts—plaintiff's continuing course of medical treatment by defendants at Forsyth Memorial Hospital from December 1983 to February 1984.

Under the doctrine of *res judicata*, a final judgment on the merits in a court of competent jurisdiction precludes further litigation involving the same claim by the parties or their privies. *Montana v. United States*, 440 U.S. 147, 153, 59 L. Ed. 2d 210, 216-17 (1979); *see also Masters v. Dunstan*, 256 N.C. 520, 124 S.E.2d 574 (1962); *Gaither Corp. v. Skinner*, 241 N.C. 532, 85 S.E.2d 909 (1955).

The "claim-splitting rule," an adjunct of the *res judicata* doctrine, requires that a plaintiff's *whole* claim, including all theories of liability and all damages arising out of the transaction, be determined in *one* action. The majority purports to uphold the rule against claim-splitting but, in actuality, eviscerates it. As we said in *Gaither*:

> The bar of the judgment in such cases extends not only to matters actually determined, *but also to other matters which in the exercise of due diligence could have been presented for determination in the prior action.*

241 N.C. at 535-36, 85 S.E.2d at 911 (emphasis added) (citing *Bruton v. Carolina Power & Light Co.*, 217 N.C. 1, 6 S.E.2d 822 (1940); *Moore v. Harkins*, 179 N.C. 167, 169, 101 S.E. 564, 565 (1919), *cert. denied*, 179 N.C. 525, 103 S.E. 12 (1920); *Piedmont Wagon Co. v. Byrd*, 119 N.C. 460, 26 S.E. 144 (1896); 1 Am. Jur. *Actions* § 96 (1936); 30 Am. Jur. *Judgments* §§ 179-180 (1940) ); *see Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 428, 349 S.E.2d 552, 556 (1986) ("all matters, either fact or law, that were or should have been adjudicated in the prior action are deemed concluded"); *see also Smokey Mountain Enterprises, Inc. v. Rose*, 283 N.C. 373, 196 S.E.2d 189 (1973); *Jocie Motor Lines, Inc. v. Johnson*, 231 N.C. 367, 57 S.E.2d 388 (1950).

When a plaintiff brings an action for just part of a claim, under the general rule prohibiting claim-splitting, he or she is precluded from bringing a second action for the residue of the claim. *Gaither*, 241 N.C. 532, 85 S.E.2d 909. We held in *Hicks v. Koutro*:

> A judgment is conclusive as to all issues raised by the pleadings. When issues are presented it is the duty of the court to dispose of them. Parties, even by agreement, cannot try issues piecemeal. The courts and the public are interested in the finality of litigation.

249 N.C. 61, 64, 105 S.E.2d 196, 199 (1958). The claim-splitting rule seeks to prevent plaintiffs from bifurcating one claim into two lawsuits.

Proper application of the doctrine of *res judicata* and its prohibition against claim-splitting depends on an accurate determination of what constitutes a claim. Under the modern, transactional approach, a claim is defined as "a single core of operative facts." *Alexander v. Chicago Park District*, 773 F.2d 850, 854 (7th Cir. 1985), *cert. denied*, 475 U.S. 1095, 89 L. Ed. 2d 894 (1986). The transactional approach is fact-oriented, and a change in legal theory does not create a new claim. *Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir. 1986). On the facts of this case, I believe that only one claim exists. All the factual issues in this one claim surround plaintiff's hospitalization by defendants. The

**BOCKWEG v. ANDERSON**

[333 N.C. 486 (1993)]

fact that there were two acts of negligence and two resulting injuries in no way indicates that they arose out of a different set of facts. A claim "may arise out of the same transaction or series of transactions even if they involve different harms or different theories or measures of relief." *Harnett v. Billman*, 800 F.2d 1308, 1314 (4th Cir. 1986), *cert. denied*, 480 U.S. 932, 94 L. Ed. 2d 763 (1987). Plaintiff was admitted to the hospital by her obstetrician in December of 1983 for delivery of her baby. Following the cesarean section that was performed, plaintiff developed an infection that required her readmission to the hospital in early 1984. During her second stay in the hospital, part of plaintiff's treatment for the infection involved intravenous feedings. Ultimately, after unsuccessful attempts to cure her infection with antibiotics, a hysterectomy was performed. Plaintiffs' injuries arose out of a continuing course of treatment that constitutes a single core of operative facts. As such, that claim was tried before a federal court jury and resulted in a verdict for the defendants. Plaintiffs made a strategic decision in failing to pursue the pelvic infection issue in the federal court action. I believe that their attempt to recast this issue as a separate claim and to pursue a second action is barred because it is *res judicata.*

I disagree with the majority on yet another issue. Contrary to the implication in the majority opinion, defendants did not stipulate to the bifurcation of claims and, thus, to defending two actions on the same set of integral facts. Rule 41 of the Federal Rules of Civil Procedure differs from the corresponding state rule. Rule 41(a) of the Federal Rules of Civil Procedure refers only to a dismissal of an "action," not an issue or allegation. The proper procedure when plaintiffs want to dismiss some but not all of their allegations is technically one of amending the pleadings under Rule 15(a). 5 James Wm. Moore, Jo Desha Lucas & Jeremy C. Wicker, *Moore's Federal Practice* ¶ 41.06-1 (2d ed. 1993). To dismiss their federal court action or any portion thereof, plaintiffs had to obtain either an order from the court permitting a dismissal or a stipulation of all parties that plaintiffs could dismiss *without the court's order.* Defendants stipulated only that plaintiffs could dismiss *without obtaining a court order*. Defendants did *not* stipulate to submitting themselves to the burden of defending a second lawsuit on the same claim.

Astoundingly, the majority says that "[f]urther evidence of defendants' understanding that the issues would be treated separate-

ly is found in the fact that defendants proceeded in the defense of the two actions without complaining on the ground that the two actions involved the same claim" and that there is "no record evidence of an objection by defendants to the pendency of the two actions involving the same claim." These statements indicate a remarkable lack of familiarity with a fact well known to all experienced trial attorneys and a failure to recognize a time-honored trial strategy. First, defendants moved in the state action for summary judgment on the ground of *res judicata* (claim preclusion) at their very first opportunity. The motion for summary judgment was filed following the trial and entry of judgment for defendants in the federal court action. Defendants could not have filed their motion any sooner because it is only the entry of the final judgment in the federal action that constitutes the adjudication of the federal claim. Simply put, the defense of *res judicata* did not arise until the entry of the final judgment in the federal action. Secondly, and perhaps more importantly, had the defendants "complain[ed] on the grounds that the two actions involved the same claim" or, as the majority suggests in a footnote, filed a plea in abatement, they would have disclosed their defense in the state action and would thereby have enabled the plaintiff to reassert the pelvic infection facet of plaintiff's claim in the federal action. The majority, in that footnote, says, "Since such an objection could result in dismissal of the action, raising it would certainly be in defendants' interest." Nothing could be further from the truth. If a plea in abatement in the state action had been successful, plaintiff could have reasserted that facet in the federal action, the state action would have been terminated, and defendants would have lost the opportunity to defeat the pelvic infection facet of the claim by a *res judicata* defense in the state action. No thinking attorney representing the defendants in this case would have tipped his hand in this manner and thus lost the chance of defeating the pelvic infection facet of plaintiff's claim by a plea of *res judicata* in the state action. Defendants were under no obligation to file a plea in abatement or to plead in the state action that there was a prior action pending in the federal court. Just as defendants acted at their peril in not insisting in the federal action on continued consolidation of the two facets of the same claim and relying on the *res judicata* defense in the state action, the plaintiff acted at his peril by running the risk that the defendants would remain silent, not raise in the state action a plea in abatement or a defense of prior action pending, wait for the entry of the federal judgment,

and only then raise the claim-splitting defense in a motion for summary judgment on the ground of *res judicata*. Defendants' trial strategy was in all respects correct, particularly in view of the fact that defendants were successful in defeating the remaining facet of plaintiff's claim in the federal action. It is only by reason of the majority's erroneous determination of the case that defendants' strategy did not prove successful.

I dissent from the opinion of the majority and vote to reverse the trial court's order denying defendants' motion for summary judgment on the basis of *res judicata*.