**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1468**

PAULL ANDERSON,

        Plaintiff - Appellant,

    v.

JULIUS JENNINGS WADE, JR., Individually and d/b/a Wade &
Wade, Attorneys at Law; JAMES H. WADE, Individually and
d/b/a Wade & Wade, Attorneys at Law; WADE & WADE, ATTORNEYS
AT LAW; MARGARET L. GODLEY, Individually and as Executrix of
the Estate of M.R. Godley, deceased; GODLEY, INCORPORATED,

        Defendants – Appellees.

**No. 08-1520**

PAULL ANDERSON,

        Plaintiff - Appellee,

    v.

FRANK H. GODLEY,

        Defendant - Appellant,

    and

JULIUS JENNINGS WADE, JR., d/b/a Wade & Wade, Attorneys at
Law, Individually; JAMES H. WADE, d/b/a Wade & Wade,
Attorneys at Law, Individually; WADE & WADE, ATTORNEYS AT
LAW; MARGARET L. GODLEY, Individually and as Executrix of
the Estate of M.R. Godley, deceased; GODLEY, INCORPORATED;

JOHNNY C. GODLEY, Executor of the Estate of Margaret L. Godley; JAMES GODLEY,

Defendants.

———————————

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Martin K. Reidinger, District Judge. (3:05-cv-00033-MR-DCK)

———————————

Submitted: October 20, 2008          Decided: December 5, 2008

———————————

Before KING, SHEDD, and DUNCAN, Circuit Judges.

———————————

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

———————————

Paull Anderson, Appellant Pro Se. Michael F. Schultze, CRANFORD, SCHULTZE, TOMCHIN & ALLEN, PA, Charlotte, North Carolina; Jon P. Carroll, William Kase Diehl, Jr., Jared Edgar Gardner, JAMES, MCELROY & DIEHL, PA, Charlotte, North Carolina, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paull Anderson brought this declaratory judgment action against Margaret L. Godley[1] and Godley, Inc., as well as Julius Jennings Wade, Jr., James H. Wade, and Wade and Wade, Attorneys at Law (the "Godley and Wade Defendants"), requesting the district court to declare his Kentucky federal judgment against the defendants to be valid and enforceable in North Carolina state courts.[2] Anderson later brought an action against Frank Godley ("Godley") asserting that Godley's parents, who were then deceased, "engaged in a racketeering conspiracy injuring numerous victims, including Anderson," and that Godley defrauded Anderson to prevent him from collecting on his judgment. The district court granted Anderson's summary judgment motion and issued a judgment declaring that Anderson had a valid judgment that was unenforceable against the Wade and Godley Defendants in North Carolina state courts, and denying Godley's motion for Fed. R. Civ. P. 11 sanctions against Anderson for filing an allegedly frivolous action against him.

---

[1] Mrs. Godley passed away in 2007 and her son, Johnny C. Godley, was substituted as a party defendant as the executor of her estate.

[2] Anderson previously tried to enforce his judgment in North Carolina state courts, but the judgment was found to be against North Carolina public policy and therefore unenforceable.

3

Anderson appealed, Godley cross-appealed, and the matters have been consolidated. After considering the parties' respective arguments, we affirm in part and vacate and remand in part.

We find that the district court did not err when it issued the declaratory judgment. Because the enforceability of Anderson's judgment in North Carolina has already been determined by the North Carolina state courts, a subsequent review of its enforceability by the district court is barred by the doctrine of res judicata. See Mirga v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984) ("It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."); Bockweg v. Anderson, 428 S.E.2d 157, 161 (N.C. 1993) ("Under the doctrine of res judicata, a final judgment on the merits in a prior action in a court of competent jurisdiction precludes a second suit involving the same claim between the same parties or those in privity with them.").

Moreover, because Anderson's action essentially asked the district court to overrule the North Carolina state courts' determinations that his judgment was unenforceable in North Carolina, any such action by the district court is barred by the Rooker-Feldman abstention doctrine. See Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997) (holding that the Rooker-Feldman

4

doctrine disallows a federal court from reviewing claims that derive from a state court judgment, "as when success on the federal claim depends upon a determination that the state court wrongly decided the issues before it") (internal citation and quotation marks omitted); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (recognizing that the Rooker-Feldman doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). Accordingly, we conclude that the district court correctly declared Anderson's judgment to be valid, albeit unenforceable in the North Carolina state courts.

We nonetheless find that the district court's rationale for denying Godley's motion for sanctions was erroneous. The district court denied Godley's motion for sanctions solely because Anderson's complaint against Godley was initially filed in the district court for the Western District of Virginia and then transferred to the Western District of North Carolina. Because of this, the district court concluded that it could not issue sanctions against Anderson for pleadings he filed before the case was transferred.

If a civil action is transferred from one district court to another, "the action or appeal shall proceed as if it

5

had been filed in or noticed for the court to which it is transferred." 28 U.S.C. § 1631 (2000). Under § 1631, then, when Anderson's action against Godley was transferred to the Western District of North Carolina, it was as if Anderson had originally filed the action there. See, e.g., Mayfield v. Klevenhagen, 941 F.2d 346, 347-49 (5th Cir. 1991) (upholding sanctions imposed by Southern District of Texas even though violative filings were made in the District of Columbia district court); cf. LeVay Corp. v. Dominion Fed. Sav. & Loan Ass'n, 830 F.2d 522, 524, 528 (4th Cir. 1987) (vacating and remanding Eastern District of Virginia district court's order denying sanctions even though some of plaintiffs' possibly violative filings were made in a Maryland district court before transfer).

In determining that it lacked authority to impose sanctions against Anderson for filings that were made in the Virginia district court, the district court relied on Edwards v. General Motors Corp., 153 F.3d 242 (5th Cir. 1998), In re Allnutt, 155 F.3d 557, 1998 WL 414248 (4th Cir. July 16, 1998) (unpublished) (No. 97-2613), and Green v. Foley, 907 F.2d 1137, 1990 WL 86210 (4th Cir. June 6, 1990) (unpublished) (Nos. 88-2666, 88-2667). In those cases, however, the respective federal courts refused to impose sanctions for filings made in *state courts* prior to *removal* to federal court. See Edwards, 153 F.3d at 245-46 (holding that Rule 11 applies only to federal filings

6

and not to *state filings made prior to removal to federal court*); <u>Allnutt</u>, 1998 WL 414248, at \*2 ("[T]he signing of a pleading in a state court action cannot be the basis for imposition of sanctions pursuant to Rule 11."); <u>Green</u>, 1990 WL 86210, at \*7 (holding that the district court should limit sanctions to legal fees expended in the federal system, and *exclude those incurred in a related state proceeding*).  We find those cases to be inapposite.

Accordingly, because a transferee district court has authority to impose Rule 11 sanctions for sanctionable filings made in the federal transferor court, we find that the district court erred in denying Godley's motion for sanctions on that ground.  We accordingly vacate that portion of the district court's order denying Godley's sanctions motion, and remand the matter to the district court for a merits determination as to whether Godley is entitled to sanctions.[3]  We affirm the remainder of the district court's declaratory judgment and

---

[3]  Anderson's eventual voluntary dismissal of his action against Godley after the district court gave him notice of its violative nature does not preclude imposing sanctions upon Anderson for its filing. <u>See</u> <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 394-95 (1990) ("As the violation of Rule 11 is complete when the paper is filed, a voluntary dismissal does not expunge the Rule 11 violation.") (internal citation and quotation marks omitted).

order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART
