TYSON, Judge.
Randall P. Simon ("Plaintiff") appeals from order granting summary judgment in favor of Gregory Wayne Moore ("Defendant"). We affirm.
I. Factual Background
Plaintiff is a managing member of Marine Management Support Services, LLC, the dock master for Federal Point Yacht Club located in Carolina Beach, North Carolina. Defendant is a member and slip owner at Federal Point Yacht Club.
On 14 June 2010, Defendant initiated criminal proceedings against Plaintiff by falsely reporting facts and circumstances to the magistrate. Plaintiff was criminally charged with assault on a handicapped person. Plaintiff was found not guilty of this charge in New Hanover County District Court.
On 2 December 2011, Defendant again initiated criminal proceedings against Plaintiff by swearing out a warrant with a magistrate. Plaintiff was charged with assault on a handicapped person, communicating threats, and stalking. The New Hanover County District Court found Plaintiff guilty of assault on a handicapped person. The remaining charges were dismissed. Plaintiff appealed his conviction. The assault charge was dismissed by an assistant district attorney in New Hanover County Superior Court.
Plaintiff filed a complaint for a no-contact order against Defendant, pursuant to N.C. Gen.Stat. § 50C-2 on 13 January 2012 ("the no-contact order action"). Defendant served discovery on Plaintiff. Plaintiff responded to the discovery request by producing all materials upon which he was relying, to show his entitlement to a no-contact order. The discovery materials included copies of the prior criminal actions, which Defendant had brought against Plaintiff.
On 11 September 2012, the parties entered into a Settlement Agreement and Release ("the Agreement and Release") to resolve Plaintiff's no-contact order action. The Agreement and Release stated, in part:
This agreement is a settlement agreement that completely resolves the Actions and any other disputes between Parties relating to the facts and allegations in the Actions.
....
[T]he Simons shall dismiss their respective Actions, with prejudice. Moreover, nothing in this Settlement Agreement shall be deemed a waiver of any of the Parties' rights to seek other and different No Contact Orders, injunctions or other Court orders for matters which arise after the effective date of this Agreement.
(emphasis supplied).
Plaintiff filed a complaint against Defendant for malicious prosecution on 1 March 2013. Plaintiff alleged Defendant had initiated criminal proceedings against him on 14 June 2010 and 2 December 2011 "without probable cause" and "with actual and legal malice" toward Plaintiff.
Defendant served written discovery requests upon Plaintiff on 28 May 2013. On 10 September 2013, Defendant filed a motion to compel Plaintiff to comply with his discovery requests. Defendant filed a second motion to compel on 22 November 2013.
On 14 March 2014, the trial court entered an order upon Defendant's motion to compel. In the order, the trial court made the following findings:
13. Counsel for Plaintiff stated in open Court that, other than matters which have arisen since the conclusion of the [no-contact order] suit, all of the documents, materials, information, and evidence of the acts, facts and circumstances upon which Plaintiff relies in this instant matter have been provided to Defendant by Plaintiff pursuant to the [no-contact order] suit....
14. Based upon this statement, Defendant requested that, in the alternative to Ordering Plaintiff to provide further discovery with specific responses to interrogatories and requests for production of documents, Plaintiff stipulate [s] that, other than acts, facts, circumstances, documents and materials arising since the conclusion of [the no-contact order suit], all documents, materials, information and evidence of the acts, facts and circumstances being relied upon for proof of his claims in this instant action are the identical documents, materials, information and evidence of the facts and circumstances produced and/or relied upon by Plaintiff in [the no-contact order suit].
15. Counsel for Plaintiff so stipulated in open Court.
Defendant moved for summary judgment on 20 June 2014. Defendant asserted Plaintiff's claims were barred by res judicataand collateral estoppel, pursuant to the terms of the Agreement and Release in Plaintiff's prior no-contact order action.
The trial court granted summary judgment in favor of Defendant on 15 July 2014. The trial court concluded Plaintiff's present lawsuit was "barred by res judicataand collateral estoppel pursuant to the dismissal with prejudice filed and the terms of the settlement agreement ... executed by the parties." The trial court based its conclusion on the fact that "Plaintiff is relying upon the same documents, materials, videos, recordings, information and evidence of the acts, facts and circumstances, that were evidence relied upon in the [no-contact order] matter."
Plaintiff gave timely notice of appeal to this Court.
II. Issues
Plaintiff argues the trial court erred by concluding his lawsuit was barred by res judicataand collateral estoppel due to the terms of the Agreement and Release executed in the no-contact order action and the dismissal with prejudice.
III. Standard of Review
Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen.Stat. § 1A-1, Rule 56(c) (2013) ; see Draughon v. Harnett Cnty. Bd. Of Educ.,158 N.C.App. 208, 212, 580 S.E.2d 732, 735 (2003) (citation and internal quotation marks omitted), aff'd per curiam,358 N.C. 131, 591 S.E.2d 521 (2004).
"In a motion for summary judgment, the evidence presented to the trial court must be ... viewed in a light most favorable to the non-moving party." Howerton v. Arai Helmet, Ltd.,358 N.C. 440, 467, 597 S.E.2d 674, 692 (2004) (citation omitted).
An issue is "genuine" if it can be proven by substantial evidence and a fact is "material" if it would constitute or irrevocably establish any material element of a claim or a defense.
A party moving for summary judgment may prevail if it meets the burden (1) of proving an essential element of the opposing party's claim is nonexistent, or (2) of showing through discovery that the opposing party cannot produce evidence to support an essential element of his or her claim. Generally this means that on undisputed aspects of the opposing evidential forecast, where there is no genuine issue of fact, the moving party is entitled to judgment as a matter of law. If the moving party meets this burden, the non-moving party must in turn either show that a genuine issue of material fact exists for trial or must provide an excuse for not doing so.
Lowe v. Bradford,305 N.C. 366, 369, 289 S.E.2d 363, 366 (1982) (citations and internal quotation marks omitted). This Court reviews an order granting summary judgment de novo. In re Will of Jones,362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008).
IV. Analysis
Res judicataand collateral estoppel bar a party from filing a subsequent suit based upon the same cause of action between the same parties, where a final judgment on the merits has been rendered in the first action. Whitacre P'ship v. Biosignia, Inc.,358 N.C. 1, 15, 591 S.E.2d 870, 880 (2004) (citations omitted).
The doctrine prevents the relitigation of all matters that were or should have been adjudicated in the prior action. Under the companion doctrine of collateral estoppel, ... the determination of an issue in a prior judicial or administrative proceeding precludes the relitigation of that issue in a later action, provided the party against whom the estoppel is asserted enjoyed a full and fair opportunity to litigate that issue in the earlier proceeding. Whereas res judicata estops a party or its privy from bringing a subsequent action based on the "same claim" as that litigated in an earlier action, collateral estoppel precludes the subsequent adjudication of a previously determined issue, even if the subsequent action is based on an entirely different claim. The two doctrines are complementary in that each may apply in situations where the other would not and both advance the twin policy goals of protecting litigants from the burden of relitigating previously decided matters and promoting judicial economy by preventing needless litigation.
Id.at 15-16, 591 S.E.2d at 880.
The purpose of res judicatais to require parties to bring all claims "which might or should have been pleaded in one action." Skinner v. Quintiles Transnational Corp.,167 N.C.App. 478, 482, 606 S.E.2d 191, 193 (2004) (citation omitted). Res judicataserves as a bar to a subsequent action when both actions involve the same parties and the same cause of action. Id.(citation omitted). "A final judgment bars not only all matters actually determined or litigated in the prior proceeding, but also all relevant and material matters within the scope of the proceeding which the parties, in the exercise of reasonable diligence, could and should have brought forward for determination." Id.at 482, 606 S.E.2d at 193-94 (citation omitted).
There is no dispute that Plaintiff and Defendant entered into a mutual release, which "completely resolve[d] the [no-contact order] Action[ ] and any other disputes between the Parties relating to the Facts and allegations in the [no-contact order] Action[ ]" for any matter arising prior to the settlement agreement and dismissal. Nevertheless, Plaintiff asserts his malicious prosecution action is not barred by res judicataand collateral estoppel. He argues the allegations contained in his subsequent malicious prosecution suit do not arise out of the same facts and circumstances as the previous no-contact order matter. We disagree.
In making this argument, Plaintiff relies on Bockweg v. Anderson,in which our Supreme Court held the plaintiffs' action was not barred by res judicatabecause "the pleadings upon which the judgment in the prior action was based did not raise the claim now presented." 333 N.C. 486, 496, 428 S.E.2d 157, 164 (1993). Plaintiff contends his malicious prosecution suit is not barred by res judicatabecause his no-contact order action did not contain any claims of malicious prosecution.
Our Supreme Court has not adopted the "transactional approach" to res judicata,which would require all issues arising out of a single transaction or series of transactions to be tried together as one claim. Bockweg,333 N.C. at 493-94, 428 S.E.2d at 162-63. However, this Court has held "[t]he defense of res judicata may not be avoided by shifting legal theories or asserting a new or different ground for relief." Rodgers Builders, Inc. v. McQueen,76 N.C.App. 16, 30, 331 S.E.2d 726, 735 (1985) (citation omitted) (holding "a party will not be permitted, except in special circumstances, to reopen the subject of the ... litigation with respect to matters which might have been brought forward in the previous proceeding"), disc. review denied,315 N.C. 590, 341 S .E.2d 29 (1986). See also Williams v. Peabody,217 N.C.App. 1, 7, 719 S.E.2d 88, 93 (2011) (noting res judicata"bars every ground of recovery ... which was actually presented or which could have been presented in the previous action").
Before res judicatacan bar the present action, this Court must decide whether Plaintiff "could and should have brought the claims included in the instant action with the first action." Skinner,167 N.C.App. at 484, 606 S.E.2d 194. This issue was conclusively established by the trial court's 14 March 2014 order on Defendant's motion to compel. The order memorialized Plaintiff's stipulation in open court:
other than acts, facts, circumstances, documents and materials arising since the conclusion of [the no-contact order suit], all documents, materials, information and evidence of the acts, facts and circumstances being relied upon for proof of his claims in this [malicious prosecution] action are the identical documents, materials, information and evidence of the facts and circumstancesproduced and/or relied upon by Plaintiff in [the no-contact order suit].
(emphasis supplied).
Plaintiff's admission and the trial court's judicial determination clearly show Plaintiff's claims in his malicious prosecution suit arise out of the same facts, acts, circumstances, and events as those in his no-contact order action. Plaintiff cannot show his malicious prosecution suit is based on a different set of facts and circumstances from those asserted in his no-contact order action. "[E]stoppel is a bar which precludes a person from denying or asserting anything to the contrary of that which has, in contemplation of law, been established as the truth." Whitacre,358 N.C. at 13, 591 S.E.2d at 879 (citation and internal quotation marks omitted) (emphasis supplied).
Plaintiff could, and should, have raised his malicious prosecution claims in his initial no-contact order action against Defendant. The Agreement and Release the parties executed in the prior no-contact order litigation "completely resolve[d] the Action[ ] and any other disputes between Parties relating to the facts and allegations in the Action[ ]."
Plaintiff's subsequent malicious prosecution suit is barred by the companion doctrines of res judicataand collateral estoppel. See Skinner,167 N.C.App. at 483, 606 S.E.2d at 194 ("[W]hile plaintiff has brought claims under two different statutes, her claims stem from the same relevant conduct by defendant."); Weil v. Herring,207 N.C. 6, 10, 175 S.E. 836, 838 (1934) ( "[T]he law does not permit parties to swap horses between courts in order to get a better mount."). The trial court properly granted summary judgment in favor of Defendant. Plaintiff's argument is overruled.
V. Conclusion
Plaintiff's malicious prosecution claims rely on the "identical documents, materials, information, and evidence of the acts, facts, and circumstances" upon which Plaintiff brought his prior no-contact order complaint. Res judicataand collateral estoppel bar Plaintiff's subsequent malicious prosecution action. The trial court's order granting summary judgment in favor of Defendant is affirmed.
AFFIRMED.
Chief Judge McGEE and Judge GEER concur.
Report per Rule 30(e).
Opinion
Appeal by plaintiff from order entered 15 July 2014 by Judge W. Allen Cobb in New Hanover County Superior Court. Heard in the Court of Appeals 1 June 2015.