PHILIP T. HOWERTON, M.D., RAY M. ANTLEY, M.D., AND BLUE RIDGE RADIOLOGY ASSOCIATES, P.A., PLAINTIFFS v. GRACE HOSPITAL, INC. AND PIEDMONT MEDICAL IMAGING, P.C., DEFENDANTS

No. COA97-1348

(Filed 21 July 1998)

### 1. Appeal and Error— summary judgment—claim preclusion

Defendants were entitled to an immediate appeal from the denial of their motion for summary judgment on the issue of claim preclusion in an action arising from the exclusion of plain-

---

tiffs from the radiology facilities of defendant Grace. Grace did not show that the denial of its motion for summary judgment on the basis of issue preclusion and abatement deprived it of a substantial right and those issues were not addressed.

**2. Collateral Estoppel and Res Judicata— claim preclusion— voluntary dismissal in federal court**

A summary judgment in a federal action arising from access to radiology facilities did not constitute claim preclusion so as to preclude the pendent state claims where the claims asserted in state court were voluntarily dismissed by plaintiffs with the consent of defendants in federal court and the summary judgment in federal court was not a final judgment on the merits of the dismissed claims. Although defendants contend that claim preclusion applies because plaintiffs were bound to adjudicate all of their claims in federal court and were not permitted to split their claims into two different lawsuits, defendants are estopped from asserting the defense of claim preclusion because they consented in federal court to the dismissal without prejudice of the pendent State claims. When a party consents to the dismissal without prejudice of one or more (but not all) of several claims, that party tacitly consents to claim splitting.

Appeal by defendants from order filed 8 August 1997 by Judge Forrest A. Ferrell in Burke County Superior Court. Heard in the Court of Appeals 3 June 1998.

*Smith, Follin & James, L.L.P., by Norman B. Smith; and Wayne M. Martin, for plaintiffs appellees.*

*McDermott Will & Emery, by James H. Sneed; and Patton Starnes Thompson Aycock Teele & Ballew PA, by Thomas M. Starnes, for defendant appellant Grace Hospital, Inc.*

*Tate, Young, Morphis, Bach & Taylor, LLP, by Thomas C. Morphis and Paul E. Culpepper, for defendant appellant Piedmont Medical Imaging, P.C.*

GREENE, Judge.

Grace Hospital, Inc. (Grace) and Piedmont Medical Imaging, P.C. (P.M.I.) (collectively, Defendants) appeal from the denial of their motions for summary judgment based on claim preclusion (*res judicata*). Grace additionally appeals from the denial of its

motion for summary judgment based on issue preclusion (collateral estoppel).[1]

On 1 October 1990, Dr. Ray Antley, Dr. Philip Howerton, and Blue Ridge Radiology, P.A. (Blue Ridge)[2] (collectively, Plaintiffs) filed suit against Defendants in United States District Court seeking monetary and injunctive relief based on: (1) federal and state antitrust violations; (2) violations of Grace's bylaws; (3) violations of the bylaws of the medical staff of Grace; and (4) a conspiracy by Defendants to exclude Plaintiffs from the radiology facilities of Grace. Defendants filed answers denying the allegations of the complaint. On 26 January 1993, Plaintiffs voluntarily dismissed, in the federal court, their pendent state claims[3] (all the claims filed in the federal court except the federal antitrust claim) without prejudice. Defendants stipulated to this dismissal. Pursuant to Defendants' motions for summary judgment the federal trial court on 7 July 1995 dismissed the federal antitrust claim.

On 25 September 1992, Plaintiffs filed suit against Defendants in state superior court alleging, *inter alia*: (1) breach of the bylaws of Grace; (2) breach of the bylaws of the medical staff of Grace; and (3) conspiracy to injure Plaintiffs "by committing illegal acts."

On 31 March 1997, P.M.I. moved for summary judgment on the state claims on the ground of claim preclusion, and on 15 April 1997, Grace moved for summary judgment on the state claims on the grounds of claim preclusion, issue preclusion, and abatement.[4] The state superior court denied Defendants' motions for summary judgment on 8 August 1997.

The issues are whether: (I) a denial of a motion for summary judgment based on the doctrine of claim preclusion is immediately

---

1. The modern trend favors the use of the terms claim preclusion and issue preclusion to refer to *res judicata* and collateral estoppel respectively. 18 James W. Moore et al., *Moore's Federal Practice* § 131.10[1][b] (3d ed. 1997) [hereinafter *Moore's Federal Practice*]. We will use the more modern terms in this opinion.

2. Blue Ridge is a professional corporation whose principal business is providing radiological imaging services to patients of Grace Hospital. Blue Ridge is owned by Drs. Antley and Howerton.

3. The doctrine of pendent jurisdiction permits federal courts to adjudicate state claims over which they would not normally have jurisdiction when those state claims are significantly related to the federal claims. 28 U.S.C. § 1367(a); 17 *Moore's Federal Practice* § 120.11[2][c][iii][A].

4. Grace and P.M.I.'s motions for dismissal on other grounds, including failure to state a claim upon which relief can be granted and lack of a genuine issue as to any material fact, were also denied by the trial court but were not appealed.

appealable; and (II) the doctrine of claim preclusion applies to the state claims against Defendants.

I

**[1]** In general, when a motion for summary judgment is denied, that denial is not immediately appealable. *McLeod v. Nationwide Mutual Ins. Co.,* 115 N.C. App. 283, 286, 444 S.E.2d 487, 490, *disc. review denied,* 337 N.C. 694, 448 S.E.2d 528 (1994). When, however, a motion for summary judgment is made on the basis of claim preclusion, the denial of that motion affects a substantial right and thus entitles the party to an immediate appeal. *Bockweg v. Anderson,* 333 N.C. 486, 491, 428 S.E.2d 157, 161 (1993).

In this case, Defendants based their motions for summary judgment in part on the doctrine of claim preclusion. Both Defendants are therefore entitled to an immediate appeal to this Court on that issue. Grace also asserts issue preclusion and abatement as bases for its motion for summary judgment. Because, however, Grace has failed to show (or argue) to this Court that the denial of its motion for summary judgment on the bases of issue preclusion and abatement deprives it of a substantial right, we do not address those issues. *See Hawkins v. State of North Carolina,* 117 N.C. App. 615, 631, 453 S.E.2d 233, 242, *disc. review improvidently allowed,* 342 N.C. 188, 463 S.E.2d 79 (1995).

II

**[2]** The doctrine of claim preclusion precludes a second suit when: (1) the same claim is involved; (2) the suit is between the same parties or those in privity with them; and (3) there was a final judgment on the merits in the earlier action. *Northwestern Financial Group v. County of Gaston,* 110 N.C. App. 531, 536, 430 S.E.2d 689, 692-93, *disc. review denied,* 334 N.C. 621, 435 S.E.2d 337 (1993).

In this case, the claims asserted in the state court involve the same claims between the same parties which were originally asserted in the federal court and subsequently voluntarily dismissed by Plaintiffs with the consent of Defendants.[5] The dismissed claims were therefore no longer a part of the federal court action. Thus, it follows that the summary judgment entered by the federal court

---

5. In federal court, after an answer to a complaint has been filed, the Federal Rules of Civil Procedure only allow voluntary dismissal of an action when all parties stipulate to the dismissal. Fed. R. Civ. P. 41. Plaintiffs, therefore, could not have dismissed the pendent state claims without the consent of Defendants.

**HOWERTON v. GRACE HOSPITAL**

[130 N.C. App. 327 (1998)]

judge on the remaining federal claim (federal antitrust action) was not a final judgment on the merits of the dismissed claims. Accordingly, the summary judgment in the federal court action does not constitute claim preclusion so as to preclude the present state claims. *See Bockweg*, 333 N.C. at 493, 428 S.E.2d at 162.

In so holding, we reject the argument of Defendants that claim preclusion applies because Plaintiffs were bound to adjudicate all of their claims in the federal court and were not permitted to split their claims into two different lawsuits. The basis for this argument is that the claims asserted (federal and state claims) all arose out of the same transaction or series of transactions, *see Bockweg*, 333 N.C. at 493, 428 S.E.2d at 162 (discussing transactional approach to claim preclusion), or were "material and relevant" to each other, *see Northwestern*, 110 N.C. App. at 536, 430 S.E.2d at 693 (common law approach to claim preclusion), and therefore must be combined into one suit.

Assuming the correctness of Defendants' argument that Plaintiffs' claims were required to be combined into one action, Defendants consented (in the federal court) to the dismissal without prejudice of the pendent state claims, and are therefore now estopped from asserting the defense of claim preclusion. *Bockweg*, 333 N.C. at 494-95, 428 S.E.2d at 163 (transactional approach not applicable where parties agree to splitting of claims); 18 *Moore's Federal Practice* § 131.24[1] (defense of claim preclusion waived when party agrees to dismissal of action); 18 *Moore's Federal Practice* § 131.30[3][c][i] (stipulation of dismissal can bar subsequent action on same claims if so specified). In other words, when a party consents to the dismissal without prejudice of one or more (but not all) of several claims, they tacitly consent to claim splitting. *See Bockweg*, 333 N.C. at 495-96, 428 S.E.2d at 163-64.

Affirmed.

Judges MARTIN, Mark D. and TIMMONS-GOODSON concur.