ROBERT D. ADAMS, PLAINTIFF-APPELLANT v. PHILLIP J. SAMUELS AND VISCO GROUP, INC., DEFENDANTS-APPELLEES

No. COA98-1159

(Filed 20 July 1999)

**1. Appeal and Error— appealability—summary judgment denial**

An appeal from the denial of a summary judgment was dismissed where appellant did not argue that the denial of his motion affected a substantial right.

**2. Appeal and Error— appealability—summary judgment denial—claim preclusion not involved—dismissed**

An appeal from the denial of summary judgment was dismissed where defendants contended that their appeal was based

upon claim preclusion based upon an earlier decision to permanently enjoin plaintiff from sending this matter to arbitration. Although the same parties are involved, the claims are different in that the earlier action involved the timeliness of the attempt to arbitrate and this action involved a claim of default on a promissory note.

Appeal by plaintiff Robert D. Adams and cross-appeal by defendants Phillip J. Samuels and Visco Group, Inc. from judgments entered 9 July 1998 by Judge James U. Downs, in Superior Court, Mecklenburg County. Heard in the Court of Appeals 18 May 1999.

*Robert D. McDonnell, for plaintiff-appellant.*

*The Bishop Law Firm, P.A., by J. Daniel Bishop, for defendants-appellees.*

WYNN, Judge.

Plaintiff Robert D. Adams, owner of Visco, Inc., negotiated with defendant Phillip J. Samuels for the sale of that company. During the negotiations, Samuels formed a corporation known as Visco Group that eventually entered into an asset-purchase agreement with Adams and Visco, Inc.

The asset-purchase agreement provided, inter alia, that Visco Group would make a promissory note in favor of Visco, Inc. This note was made, personally guaranteed by Samuels, and ultimately assigned to Adams.

Both the asset-purchase agreement and the promissory note contained "set-off" provisions. The asset-purchase agreement provided in pertinent part that "[u]pon the breach of any . . . agreement made by [Visco, Inc.] under this Agreement, [Visco Group] shall, at its option, have a right to set-off." Similarly, the promissory note provided that "[u]pon the breach of any . . . agreement made by [Visco, Inc.] or Robert D. Adams under the [agreement], [Visco Group] shall have a right of set-off against payments due under this Note." Significantly, the promissory note continued: "[a]ll claims or disputes arising between the parties as to the amount of the set-off, if any, under this section shall be decided by arbitration . . . . Notice of the demand for arbitration shall be filed in writing . . . within thirty (30) days after the dispute has arisen."

On or around 10 April 1997, Visco Group exercised its right to set off damages after contending that Visco, Inc. allegedly breached certain warranties and representations. Visco, Inc. and Adams, however, failed to demand arbitration to decide the set-off claim within the thirty-day period required under the promissory note. Indeed, Adams did not commence arbitration until 27 October 1997.

Prior to the commencement of arbitration, defendants moved in District Court, Mecklenburg County under N.C. Gen. Stat. § 1-567.3 to enjoin Adams from proceeding with arbitration because more than thirty days had passed since the dispute arose. Following a hearing on the matter, the district court judge granted defendants' motion and permanently enjoined Adams from participating in arbitration over this matter.

Adams then brought this action in Superior Court, Mecklenburg County seeking moneys allegedly owed under the agreement and promissory note. Thereafter, both Adams and the defendants filed summary judgment motions that were denied. Both parties appealed to this Court.

---

[1] In addressing this appeal, we note the general rule that the denial of a motion for summary judgment is interlocutory and not appealable. *See Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 240 S.E.2d 338 (1978). The reason for this rule is "to prevent fragmentary, premature and unnecessary appeals by permitting the trial division to have done with a case fully and finally before it is presented to the appellate division." *Id.* at 207, 240 S.E.2d at 343. Moreover, it gives the trial court and the parties an opportunity to develop more fully the facts in dispute and to put the merits of the claim in bolder relief than they are now. *Id.* at 209, 240 S.E.2d at 344.

Although a denial of summary judgment is generally not appealable, we will allow for such an appeal when the ruling or order deprives the appellant of a substantial right which he would lose if the ruling or order is not reviewed before final judgment. *See North Carolina Consumers Power, Inc. v. Duke Power Co.*, 285 N.C. 434, 437, 206 S.E.2d 178, 181 (1974). For example, when a motion for summary judgment is made on the basis of claim preclusion, the denial of that motion affects a substantial right and thus entitles the party to an immediate appeal. *See Bockweg v. Anderson*, 333 N.C. 486, 491, 428 S.E.2d 157, 161 (1993).

**ADAMS v. SAMUELS**

[134 N.C. App. 372 (1999)]

In the case sub judice, both Adams and the defendants are seeking to appeal the denial of their summary judgment motions. Adams, however, has not claimed nor argued that the denial of his motion affected a substantial right. Accordingly, we find his appeal interlocutory and dismiss it.

**[2]** The defendants, on the other hand, contend that their appeal is appropriate because it is based upon claim preclusion. Specifically, the defendants contend that the district court's earlier decision to permanently enjoin Adams from sending this matter to arbitration precludes Adams' present suit. We disagree.

"The doctrine of claim preclusion precludes a second suit when: (1) the same claim is involved; (2) the suit is between the same parties or those in privity with them; and (3) there was a final judgment on the merits in the earlier action." *Howerton v. Grace Hosp., Inc.,* 130 N.C. App. 327, 330, 502 S.E.2d 659, 661 (1998). In the case sub judice, although the same parties are involved in this suit as were involved in the prior arbitration litigation, the claims here are different. Significantly, in the earlier case, the only consideration before the trial court was whether Adams' attempt to bring the defendants into arbitration was untimely. This case, on the other hand, involves a claim by Adams that the defendants defaulted on the promissory note itself. Moreover, the set-off provision contained in the promissory note requires arbitration only when there is a dispute "as to the amount of the set-off"—it does not require arbitration when the dispute revolves around whether set off itself is appropriate. Accordingly, this case does not involve an issue of claim preclusion. Therefore, we find that the defendants' appeal is interlocutory and also warrants dismissal.

Appeal and Cross-appeal dismissed.

Judges GREENE and MARTIN concur.