JAMES M. LITTLE, PLAINTIFF v. WILLIAM B. HAMEL, INDIVIDUALLY AND HELMS, CANNON, HAMEL, AND HENDERSON, A PROFESSIONAL ASSOCIATION, JOINTLY AND SEVERALLY, DEFENDANTS

No. COA98-1110

(Filed 3 August 1999)

**1. Appeal and Error— appealability—summary judgment—res judicata—substantial right**

The denial of a motion for summary judgment on the basis of res judicata affects a substantial right and entitles a party to an immediate appeal.

**2. Collateral estoppel and res judicata— claims precluded— issues precluded**

Res judicata precludes a second suit involving the same claim between the same parties or those in privity with them when there has been a final judgment on the merits in a prior action in a court of competent jurisdiction. A judgment operates as an estoppel not only as to all matters actually determined or litigated in the proceeding, but also as to all relevant and material matters within the scope of the proceeding which the parties, in the exer-

cise of reasonable diligence, could and should have brought forward for determination.

### 3. Collateral estoppel and res judicata— new or different grounds for relief—malpractice—fraud

The trial court erred by failing to grant summary judgment for defendants based on the doctrine of res judicata. Plaintiff's first action alleged legal malpractice and his second action alleged fraud because defendants failed to inform him that he had no claim in his discrimination lawsuit. Except in special circumstances, res judicata may not be avoided by shifting legal theories or by asserting a new or different ground for relief because a party is required to bring forth the whole case at one time and will not be permitted to split the claim or divide the grounds for recovery. While fraud may not be in the nature of legal malpractice under the relevant statute of limitations, the substance of the two claims in the instant case are so intertwined that they are essentially the same claim under different legal theories.

Appeal by defendants from judgment entered 9 July 1998 by Judge James U. Downs in Mecklenburg County Superior Court. Heard in the Court of Appeals 22 April 1999.

*Jerry D. Jordan for plaintiff-appellee.*

*Poyner & Spruill, L.L.P., by E. Fitzgerald Parnell, III and Parmele P. Calame, for defendant-appellants.*

HUNTER, Judge.

James M. Little ("plaintiff") is a former employee of the United States Postal Service ("Postal Service"). In February 1993, some time after retiring from his position, plaintiff retained defendant Helms, Cannon, Hamel and Henderson ("Helms Cannon") to represent him in the prosecution of a discrimination and a retaliation claim against the Postal Service. On behalf of plaintiff, Helms Cannon filed a lawsuit ("discrimination lawsuit") on 12 March 1993 in the United States District Court for the Western District of North Carolina alleging that the Postal Service "conspir[ed] to harass, discriminate, and retaliate against [him] in order to deprive [him] of his civil rights, to frustrate [him] in his job and render [him] totally ineffective, to undermine [his] authority, and to prevent [his] advancement in the Postal Service, and destroy [his] career with the Postal Service." The discrimination lawsuit was dismissed pursuant to defendants' motion on

27 June 1994 in a memorandum of decision and order by United States District Court Judge Robert D. Potter, on the grounds that it was barred by the relevant statute of limitations and the doctrine of sovereign immunity.

Plaintiff filed a lawsuit ("Case I") against Helms Cannon on 25 July 1996 in which he alleged that it was negligent in its representation of him in the discrimination lawsuit. Helms Cannon was granted summary judgment on 18 September 1997, and the plaintiff did not appeal.

Plaintiff filed the present case ("Case II") on 22 September 1997 jointly and severally against William B. Hamel, an attorney with Helms Cannon, and Helms Cannon (collectively "defendants"), alleging they committed fraud by failing to inform plaintiff that he had no claim in the discrimination lawsuit under the relevant statute of limitations and the doctrine of sovereign immunity. Defendants' motion for summary judgment was denied by Judge Downs on 9 July 1998. Defendants appeal.

Defendants contend that the trial court committed error by failing to grant summary judgment based on the doctrine of *res judicata*.

[1] The denial of a motion for summary judgment is not immediately appealable unless it affects a substantial right. N.C. Gen. Stat. § 7A-27 (1995). The denial of a motion for summary judgment on the basis of *res judicata* affects a substantial right and thus, entitles a party to an immediate appeal. *Bockweg v. Anderson*, 333 N.C. 486, 428 S.E.2d 157 (1993). Therefore, defendants' appeal is properly before this Court.

[2] The doctrines of *res judicata* (claim preclusion) and collateral estoppel (issue preclusion) are companion doctrines which have been developed by the Courts "for the dual purposes of protecting litigants from the burden of relitigating previously decided matters and promoting judicial economy by preventing needless litigation." *Bockweg*, 333 N.C. at 491, 428 S.E.2d at 161. *Res judicata* precludes a second suit involving the same claim between the same parties or those in privity with them when there has been a final judgment on the merits in a prior action in a court of competent jurisdiction. *Northwestern Financial Group v. County of Gaston*, 110 N.C. App. 531, 536, 430 S.E.2d 689, 692-93 (1993). A judgment operates as an estoppel not only as to all matters actually determined or litigated in the proceeding, "but also as to all relevant and material matters within the scope of the proceeding which the parties, in the exercise

of reasonable diligence, could and should have brought forward for determination." *Rodgers Builders v. McQueen*, 76 N.C. App. 16, 22, 331 S.E.2d 726, 730 (1985).

[3] In the present case, this Court must determine if the judgment in Case I precludes the present case. It is clear that Case I was brought before a court of competent jurisdiction and that a final judgment on the merits was obtained by the entry of summary judgment. It is also clear that identical parties are involved. Case I was brought by the plaintiff against Helms Cannon. There is a difference in the present case in that William B. Hamel is a defendant; however, Hamel is quite obviously in "privity with" Helms Cannon since he is an attorney with the firm (and was at the time Case I was filed) and the suit concerns his representation of the plaintiff. Therefore, the only issue before this Court is whether or not the plaintiff has brought the same claim herein as he brought in Case I and, if not, whether the claim being brought here could and should have been brought in Case I.

Plaintiff filed Case I alleging malpractice by defendant law firm in the discrimination lawsuit. Therefore, using reasonable diligence, the law firm should have brought forth any claim relating to defendants' representation of plaintiff in the discrimination lawsuit. Nevertheless, plaintiff has filed the present case based on defendants' alleged fraud related to the discrimination lawsuit, asserting that because fraud and malpractice are separate and distinct causes of action for purposes of statute of limitations, *Sharpe v. Teague*, 113 N.C. App. 589, 439 S.E.2d 792 (1994), they are therefore separate and distinct for purposes of *res judicata*.

In *Sharpe*, plaintiff sued defendant law firm for negligence, breach of contract, fraud and breach of fiduciary duty. Defendant contended that all actions were in the nature of legal malpractice and therefore one statute of limitations applied. This Court disagreed, stating: "[f]raud by an attorney . . . is not within the scope of 'professional services' as that term is used in N.C. Gen. Stat. § 1-15(c), and thus cannot be 'malpractice' within the meaning of the statute." *Sharpe* at 592, 439 S.E.2d at 794.

While fraud may not be in the nature of legal malpractice under the relevant statute of limitations, the causes of action in *Sharpe* were all based on the same relevant facts, i.e., the defendants' representation of the plaintiff. The plaintiff in *Sharpe* brought all claims related to defendants' representation of her within the same suit. This Court has held:

**LITTLE v. HAMEL**

[134 N.C. App. 485 (1999)]

A party is required to bring forth the whole case at one time and will not be permitted to split the claim or divide the grounds for recovery; thus, a party will not be permitted, except in special circumstances, to reopen the subject of the arbitration or litigation with respect to matters which might have been brought forward in the previous proceeding.

*Rodgers*, 76 N.C. App. at 23, 331 S.E.2d at 730. "The defense of res judicata may not be avoided by shifting legal theories or asserting a new or different ground for relief." *Id.* at 30, 331 S.E.2d at 735.

In his complaint in the present case, plaintiff addresses defendants' alleged fraud as inducing him to pay the defendants a retainer and incur costs and expenses as a result of the representation of him. He also claims that defendants "ignored the existence of barriers to successful litigation" in their prior representation of him. It is obvious that the substance of the present claims are so intertwined with a cause of action for legal malpractice that they are, essentially, the same claim under different legal theories. The present claims would also have been material and relevant to the claims in Case I.

Even if defendants concealed from plaintiff that certain rules barred his discrimination lawsuit, plaintiff was informed of their applicability to that suit and therefore the potential fraud of defendants by the order of the United States District Court dismissing the case on 27 June 1994. Plaintiff cannot deny notice of the order since he referenced and included it as an exhibit to his complaint in Case I. Therefore, his assertion that he did not have knowledge of the potential fraud at the time Case I was adjudicated is unconvincing.

Plaintiff, with knowledge at the time Case I was adjudicated of all potential claims stemming from defendants' representation of him, has failed to show any special circumstances warranting an exception to the *Rodgers* rule of *res judicata*. We therefore hold that plaintiff's cause of action is barred. Accordingly, we reverse and remand to the trial court to enter an order granting summary judgment to defendants.

Reversed and remanded.

Judges WYNN and WALKER concur.