HUNTER, JR., Robert N., Judge.
Clinard Oil Company, Inc. ("Clinard") appeals the 12 July 2016 order by Judge Kevin M. Bridges in Davidson County Superior Court denying its motion for summary judgment. Clinard contends the instant case brought by the individual Du Phan, d/b/a Good Food Market ("Du Phan") is barred by res judicata due to the dismissal with prejudice of an earlier suit brought by the corporate entity Good Food Market, Inc. ("the Corporation"). After review, we agree and reverse the trial court's order.
I. Facts and Background
A. The Contract and First Complaint
On 20 April 2005, Michael and Marcus Tucker d/b/a Tucker's Good Food ("the Tuckers"), entered into a requirements contract to purchase gasoline and diesel fuel from Clinard ("the contract") for a term of eight years. Under the terms of the contract, the Tuckers agreed to pay Clinard $0.015 per gallon over Clinard's terminal cost for gasoline, and $0.17 per gallon over Clinard's terminal cost for diesel ("the contract price"). The contract provided Clinard would supply the signage for the pumps, maintain all hoses and nozzles, install credit card readers for Marathon Ashland credit cards, and provide the Tuckers with credit card invoices and other documentation necessary to access the credit card network.
In the fall of 2007, Du Phan and his wife, Hong Ha, purchased Tucker's Good Food from the Tuckers. On 27 November 2007, as part of the sale, the Tuckers assigned and Du Phan assumed the contract between the Tuckers and Clinard ("the assignment"). Clinard acknowledged and agreed to the assumption. Du Phan signed the assignment and assumption agreement in the name "Du Phan d/b/a Good Food Market."
On 24 October 2008, Du Phan and his wife incorporated the enterprise as "Good Food Market & Grill, Inc." Thereafter, the Corporation made payments to Clinard with checks signed by Du Phan as president.
Several months after assuming the contract, Du Phan began to suspect Clinard overcharged him for fuel. Du Phan visited Clinard's offices and noticed they sold fuel at their retail outlet at prices less than they charged him. Du Phan complained to Clinard, but received no satisfactory answer for this price discrepancy. The overcharges continued, however Du Phan lacked documentary proof Clinard was charging him more than the contract price. In 2012, Du Phan was approached by one of Clinard's competitors, who advised him to call Telvent DTN, a company which provides wholesale pricing data for fuel companies. After purchasing data from Telvent DTN, Du Phan confirmed Clinard was charging him more than the contract price for gasoline and diesel fuel.
On 4 March 2013, under the caption "Du Phan d/b/a Good Food Market & Grill, Inc. vs. Clinard Oil Company, Inc. and Does 1-50" the Corporation filed a verified complaint alleging Clinard and fifty "John Does" to be revealed in discovery overcharged for gasoline and diesel fuel ("the first complaint"). Furthermore, the plaintiff alleged Clinard and others failed to credit its account for credit card transactions made at the pumps and failed to provide regular invoices for those transactions. The Corporation sought monetary damages for breach of contract, misrepresentation, and unjust enrichment for violations of the assignment agreement. In addition, the Corporation sought monetary damages for unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1 and fraud and breach of the implied covenant of good faith and fair dealing for failure to properly account for, pay for, and credit sums due for credit card transactions. Du Phan verified the complaint as president of Good Food Market & Grill Inc.
Clinard, in response, moved to dismiss the claim under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, arguing there was no contract between Clinard and Good Food Market & Grill Inc. In support thereof, Clinard noted Du Phan signed the assignment in his individual capacity, prior to the incorporation of Good Food Market & Grill, Inc. Thus, Clinard contended the contract existed only between itself and Du Phan, individually.
In response to Clinard's motion to dismiss, the Corporation filed a motion to amend the complaint under North Carolina Rule of Civil Procedure 17(a), seeking to substitute "Du Phan d/b/a Good Food Market & Grill," the name under which Du Phan signed the assignment, as plaintiff in the first complaint.
On 27 October 2015, the trial court granted Clinard's motion to dismiss and denied the Corporation's motion to amend. Commenting on its decision, the judge explicitly stated res judicata should not bar Du Phan from re-filing the suit in his own name and specified the order dismissing the case should be without prejudice. The judge asked Clinard's counsel to prepare the written order.
Drafts were exchanged, engendering a conflict over the wording of the order. When the final order was completed, the trial court stated in a written note to the parties that the order prepared by Clinard's counsel "reflects my decision." The trial court filed this written order on 16 November 2015, stating "it appearing to the Court, the Court so finds, from the Plaintiff's verified complaint, that Plaintiff's complaint has failed to state any claims upon which relief may be granted, as a result of which Plaintiff's action, and all claims and cause of actions therein, should be dismissed."
The trial court also denied the Corporation's motion to amend its complaint, stating
it appears to the court, and the court so finds, that the real party in interest in this action is "Good Food Market & Grill, Inc."; and that "Du Phan d/b/a Good Food Market & Grill" is not a real party in interest and should not be substituted for Plaintiff "Good Food Market & Grill, Inc." as Plaintiff in this action. Consequently, and in the Court's discretion, Plaintiff's aforesaid motion to substitute Plaintiffs pursuant to Rule 17 (a) should be denied, without prejudice to the right of "Du Phan d/b/a Good Food Market & Grill," if any, to file a new lawsuit against Clinard Oil Company, Inc.
B. The Instant Complaint
On 18 December 2015, "Du Phan, d/b/a Good Food Market" filed a complaint alleging Clinard charged him more than the contract price for gasoline and diesel ("the instant complaint"). Du Phan sought monetary damages for breach of contract, fraud, breach of implied covenant of good faith and fair dealing, and unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1. Du Phan dropped any mention of Clinard's mishandling of credit card invoices and omitted the claim for unjust enrichment.
On 28 January 2016, Clinard filed an answer and counterclaim, moving to dismiss under Rule 12(b)(6) and asserting the affirmative defenses of (1) real party in interest, (2) res judicata, (3) collateral estoppel, (4) judicial estoppel, (5) equitable estoppel, (6) statute of limitations, (7) waiver, and (8) modification of the contract. Clinard also counterclaimed, alleging Du Phan owed money to Clinard for repairs and maintenance of the fuel pumps, owed money to Clinard for use of the pumps after expiration of the contract, and converted the pumps by failing to allow Clinard to remove them from the front of Du Phan's store.[1]
The record does not indicate whether the trial court ruled on Clinard's motion to dismiss. However, on 11 May 2016, Clinard moved for summary judgment seeking dismissal of Du Phan's claims on the basis of the existence of the affirmative defenses named in the answer. Clinard attached over fifty exhibits to its motion, including the contract; the assignment agreement; the first complaint and summons; the Corporation's articles of incorporation; the Corporation's annual filings with the Secretary of State from 2009 to 2014; copies of checks from the Corporation's account made payable to Clinard; the deposition of the Corporation's accountant, Karen Odom, taken during discovery for the first complaint; Du Phan's motion to amend the first complaint; the transcript of the hearing on the motion to dismiss the first complaint; the deposition of Du Phan taken during discovery for the first complaint; the order dismissing the first complaint and motion to amend; and the deposition of Du Phan taken during discovery for the instant complaint.
In response to Clinard's motion for summary judgment, Du Phan filed an affidavit restating facts alleged in his verified complaint. On 24 June 2016, Du Phan filed a motion to amend to add a real party in interest under Rule 17 of the North Carolina Rules of Civil Procedure, seeking to "add or join individuals, including but not limited [to] Good Food Market & Grill, Inc., Hong Ha, Good Food Store and any other trade name under which Du Phan has conducted business from November 1, 2007 to the present[.]" The motion was filed "in the alternative to [Du Phan's] argument that the proper parties in interest are currently named and that the current Plaintiff has standing to bring all claims in this matter...."
On 12 July 2016, after giving "due consideration" to the motions, pleadings, court file, affidavits, testimony, transcripts, exhibits, briefs, and arguments of counsel, the trial court denied Clinard's motion for summary judgment as to all of Du Phan's claims, and denied Du Phan's motion to amend as unnecessary.
On 15 August 2016, Clinard filed a notice of appeal to this Court, seeking review of the trial court's 12 July 2016 order insofar as the denial of its assertion of res judicata as an affirmative defense affected a substantial right.
On 28 October 2016, Clinard filed a petition for writ of certiorari with this Court, seeking review of another four "inextricably intertwined" affirmative defenses: real party in interest, statute of limitations, modification, and waiver.
II. Jurisdiction
As a general rule, this Court will not review the denial of a motion for summary judgment because it does not affect a "substantial right." Bockweg v. Anderson , 333 N.C. 486, 490, 428 S.E.2d 157, 160 (1993). Carving out a limited exception to that rule, the North Carolina Supreme Court has held denial of summary judgment based on res judicata may affect a substantial right and thus be subject to immediate appellate review. Id. at 491, 428 S.E.2d at 161. However, this Court has held that such a denial is not always immediately appealable. Heritage Operating, L.P. v. N.C Propane Exch., LLC , 219 N.C. App. 623, 627-28, 727 S.E.2d 311, 314-15 (2012).
"[T]o meet its burden of showing how a substantial right would be lost without immediate review, the appealing party must show that '(1) the same factual issues would be present in both trials and (2) the possibility of inconsistent verdicts on those issues exists.' " Whitehurst Inv. Props., LLC v. NewBridge Bank, 237 N.C. App. 92, 96, 764 S.E.2d 487, 490 (2014) (quoting Heritage , 219 N.C. App. at 628, 727 S.E.2d at 314 ).
Here, an examination of the two complaints makes clear the same factual issues would be present in both cases. While the instant complaint omits the first complaint's accusations in regard to Clinard's handling of credit card transactions, and drops the claim for unjust enrichment, the remaining claims are nearly identical and rely on the same factual predicate, the contract between Du Phan and Clinard.
Further, Defendant faces the possibility of inconsistent verdicts on the issues brought in the instant complaint. Although Plaintiff raises doubt as to whether the first complaint was subject to a final determination on the merits, the order dismissing that case omits the words "without prejudice." Despite the trial court's pronouncement in open court specifying the dismissal should be without prejudice, a judgment is not entered until "it is reduced to writing, signed by the judge, and filed with the clerk of court." N.C. Gen. Stat. § 1A-1, Rule 58 (2015). It is not error for the court to enter a written order than conflicts with the oral pronouncement at the hearing. Scoggin v. Scoggin , --- N.C. App. ----, ----, 791 S.E.2d 524, 528 (2016). Because the order does not explicitly state the dismissal is without prejudice, the law treats it as a dismissal with prejudice and an adjudication on the merits. N.C. Gen. Stat. § 1A-1, Rule 41(b) (2015). See also Johnson v. Bollinger , 86 N.C. App 1, 8-9, 356 S.E.2d 378, 383 (1987). Thus, as Clinard prevailed on the merits in the first case, it faces the "possibility of inconsistent verdicts" if the instant case proceeds to trial. Whitehurst Inv. Props., LLC , 237 N.C. App. at 96, 764 S.E.2d at 490.
Consequently, we hold Clinard meets its burden of showing the trial court's order denying his motion for summary judgment affects a substantial right, and jurisdiction in this Court is proper pursuant to N.C. Gen. Stat. § 7A-27(b)(3)(a) (2015).
However, because we conclude the issue of res judicata is dispositive as to the instant complaint, we need not review Clinard's additional affirmative defenses and deny its petition for writ of certiorari.
III Standard of Review
Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2015). "A defendant may show entitlement to summary judgment by ... showing that the plaintiff cannot surmount an affirmative defense which would bar the claim." Carcano v. JBSS, LLC , 200 N.C. App. 162, 166, 684 S.E.2d 41, 46 (2009). This court reviews an order granting or denying summary judgment de novo. In re Will of Jones , 362 N.C. 569, 573, 669 S.E.2d 562, 576 (2008). Under a de novo review, this Court "considers the matter anew and freely substitutes its own judgment" for that of the trial court. Statev. Williams , 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008) (citation and internal quotation marks omitted).
IV. Analysis
As our Supreme Court has stated, the doctrine of res judicata serves the "dual purpose of protecting litigants from the burden of relitigating previously decided matters and of promoting judicial economy by preventing needless litigation." Thomas M. McInnis & Assoc., Inc. v. Hall , 318 N.C. 421, 427, 349 S.E.2d 552, 556 (1986) (citation omitted). Under this doctrine, "a final judgment on the merits in a prior action in a court of competent jurisdiction precludes a second suit involving the same claim between the same parties or those in privity with them." Bockweg , 333 N.C. at 491, 428 S.E.2d at 161 (citation omitted). A party asserting res judicata as an affirmative defense must prove three elements. First, there must be a final judgment on the merits in an earlier suit; second, the same cause of action must be involved; third, the parties from the earlier suit, or those standing in privity with those parties, must be involved. State ex rel. Tucker v. Frinzi , 344 N.C. 411, 413-14, 474 S.E.2d 127, 128 (1996).
As previously discussed, the filing of the instant complaint was preceded by a final judgment on the merits in an earlier suit. "With certain exceptions not relevant here, N.C.R. Civ. P. 41(b) provides that all dismissals, including those under Rule 12(b)(6), operate as an adjudication upon the merits unless the trial court specifies the dismissal is without prejudice." Johnson , 86 N.C. App. at 8, 356 S.E.2d at 383. "A dismissal 'with prejudice'.... is said to preclude subsequent litigation to the same extent as if the action had been prosecuted to a final adjudication adverse to the plaintiff." Barnes v. McGee , 21 N.C. App. 287, 289, 204 S.E. 2d 203, 205 (1974). Because the trial court's order dismissing the first complaint does not specify it is "without prejudice," the order functions as a dismissal with prejudice, and thus a final judgment on the merits. N.C. Gen. Stat. § 1A-1, Rule 41(b) (2015).
Similarly, the record shows the same cause of action is involved in the first complaint as in the instant complaint. Our courts take a generally broad construction of this element. Beyond prohibiting subsequent suits based on identical legal claims or theories, res judicata extends to suits "which might have been brought forward in the previous proceeding." Rodgers Builders, Inc. v. McQueen , 76 N.C. App. 16, 23, 331 S.E.2d 726, 730 (1985). Thus, "[t]he defense of res judicata may not be avoided by shifting legal theories or asserting a new or different ground for relief." Little v. Hamel , 134 N.C. App. 485, 489, 517 S.E.2d 901, 903 (1999) (citation and internal quotation marks omitted).
Here, although the instant complaint does not accuse Clinard of mishandling credit card invoices and omits the claim for unjust enrichment, the remaining facts and claims are nearly identical to those alleged in the first complaint. In the first complaint, the Corporation based its claims for breach of contract, fraud, and unfair and deceptive business practices on its allegation that Clinard charged the Corporation more than the contract price for gasoline and diesel fuel. In the instant complaint, Du Phan makes the same claims based on the same facts. The first complaint alleges Clinard breached the implied covenant of good faith and fair dealing by misrepresenting the amount of fuel sold and money collected from credit card transactions made at the Corporation's pumps. The instant complaint brings the same claim, but changes the underlying factual allegation, instead contending Clinard misrepresented the price of gasoline and diesel and thus overcharged Du Phan during the life of the contract. Thus, where it is not identical to the first complaint, the instant complaint merely contains "shifting legal theories" or the assertion of "new or different ground[s] for relief" that could have been brought in the first complaint. Little , 134 N.C. App. at 489, 517 S.E.2d at 903. Consequently, we conclude the first complaint and the instant complaint involve the same cause of action.
This leaves only the element of identity of the parties or their privities. This Court has recently held in the context of res judicata, "privity involves a person so identified in interest with another that he represents the same legal right." Williams v. Peabody , 217 N.C. App. 1, 8, 719 S.E.2d 88, 94 (2011) (citation omitted). More specifically, "privity denotes a mutual or successive relationship to the same rights of property." Id. at 8, 719 S.E.2d at 94 (quoting Whitacre P'Ship v. BioSignia, Inc. , 358 N.C. 1, 36, 591 S.E.2d 870, 893 (2004) ). Whether two parties stand in privity with each other is "a matter of substance and not of mere form." State v. Summers , 351 N.C. 620, 623, 528 S.E.2d 17, 21 (2000) (internal quotation marks and citations omitted). The court must look "beyond the nominal party whose name appears on the record as plaintiff and consider the legal questions raised as they may affect the real party or parties in interest." Id. at 623-24, 528 S.E.2d at 21 (internal quotation marks and citations omitted).
Here, the crux of the issue is whether the plaintiff in the instant complaint, Du Phan, is in privity with the plaintiff in the first complaint, the Corporation. Generally speaking, because a corporation is a distinct legal entity, its board of directors, officers, and shareholders are not considered parties to any lawsuit the corporation is involved in. Troy Lumber Co. v. Hunt , 251 N.C. 624, 627, 112 S.E.2d 132, 134-35 (1960). Further, "[t]he mere fact that one is a shareholder or officer of a corporation is not sufficient to establish privity for purposes of res judicata between the shareholder or officer and the corporation." Williams , 217 N.C. App. at 8, 719 S.E.2d at 94 (citation omitted). Nonetheless, there is an exception to the rule that judgments binding on a corporation are not res judicata as to members of the corporation's board, officers, and shareholders. The so-called "Lassiter exception" states:
[a] person who is not a party but who controls an action, individually or in cooperation with others, is bound by the adjudications of litigated matters as if he were a party if he has a proprietary interest or financial interest in the judgment or in the determination of a question of fact or a question of law with reference to the same subject matter, or transactions; if the other party has notice of his participation, the other party is equally bound.
Thompson v. Lassiter , 246 N.C. 34, 39, 97 S.E.2d 492, 496 (1957) (citation and emphasis omitted).
The "threshold requirement" to the Lassiter exception is the plaintiff's control of the prior action. Williams , 217 N.C. App. at 10, 719 S.E.2d at 95. Examining the record, we conclude that Du Phan was in control of the first suit against Clinard. According to the Corporation's annual reports to the North Carolina Secretary of State, Du Phan is the president and registered agent for the Corporation. The only other officer is his wife, Hong Ha, the corporation's vice president. In a deposition given in the instant suit, Du Phan clarified the business relationship between he and his wife. Although Du Phan assumed his wife owned half of the business, he "make[s] all the final decisions" in regard to control of the business. When questioned further about the structure of his business, Du Phan testified "[s]ole proprietorship or incorporated, whatever it is, it's mine. I own-I own it[.]" Acknowledging it was a corporation, Du Phan then stated "I run it. I own it. I am everything [.]" Further, in regard to the first suit, Du Phan testified he was the person who filed the suit on behalf of the Corporation, he spoke for the Corporation when meeting with counsel, and he alone entertained and rejected several settlement offers from Clinard. The record also shows Du Phan signed the verification affidavit accompanying the first complaint. As a result, we hold there is sufficient evidence to satisfy the control element of the Lassiter exception.
Second, the plaintiff must have a "proprietary interest or financial interest in the judgment[.]" Lassiter , 246 N.C. at 39, 97 S.E.2d at 496. Here, in the first complaint, the Corporation sought monetary damages for breach of contract, punitive damages for fraud and breach of the implied covenant of good faith and fair dealing, and treble damages for violation of North Carolina's unfair and deceptive trade practices act. Thus, because Du Phan is one of the two officers of the Corporation, and admittedly manages the Corporation's affairs on his own, it "necessarily follows" that he had a proprietary or financial interest in the outcome of the first suit. See Lancaster v. Harold K. Jordan & Co. , --- N.C. App. ----, ----, 776 S.E.2d 345, 351 (2015) (finding the sole member-managers of an LLC had a proprietary or financial interest in an arbitration action brought by the LLC).
Third, the plaintiff must have an interest "in the determination of a question of fact or a question of law with reference to the same subject matter, or transactions[.]" Lassiter , 246 N.C. at 39, 97 S.E.2d at 496 (emphasis omitted). As discussed above, the first complaint and the instant complaint are nearly identical in terms of the underlying facts and the claims asserted. Both complaints alleged Clinard charged more than the contract price for gasoline and diesel fuel, and both complaints contained claims for breach of contract, fraud, unfair and deceptive trade practices, and breach of the implied covenant of good faith and fair dealing. As such, we conclude both the Corporation and Du Phan had an interest in the outcome of the same questions of law and fact and both complaints deal with the same subject matter and transaction.
Finally, the last requirement of the Lassiter exception is "if the other party has notice of his participation, the other party is equally bound." Lassiter , 246 N.C. at 39, 97 S.E.2d at 496. Because Du Phan admitted he caused the first suit against Clinard to be brought on behalf of the Corporation, we conclude he had notice of the first suit, and hold he is equally bound by its outcome.
Consequently, because we hold there was a final judgment on the merits in a prior action in a court of competent jurisdiction, involving the same claim between two parties who were sufficiently linked as to satisfy the Lassiter exception to the privity requirement, we hold the instant complaint is indeed barred by the affirmative defense of res judicata. The order of the trial court denying summary judgment in favor of Clinard is
REVERSED.
Report per Rule 30(e).
Judges CALABRIA and BERGER concur.

Clinard's notice of appeal is limited to the denial of its motion for summary judgment, which sought only dismissal of Du Phan's claims and did not seek judgment on Clinard's counterclaims. Thus, our review is limited to Du Phan's claims, and not Clinard's counterclaims.