An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-37

Filed 3 September 2025

Mecklenburg County, No. 22 CVS 020649

WILLIAM FITZGERALD, JR., WILLIAM FITZGERALD, and RINA FITZGERALD, Plaintiffs,

v.

NATIONAL RESTORATION, LLC, Defendant.

Appeal by Plaintiffs from order entered 31 May 2024 by Judge Justin N. Davis in Mecklenburg County Superior Court. Heard in the Court of Appeals 12 August 2025.

> *Round 2 Legal, by Ashley A. Crowder, for Plaintiff-Appellants.*

> *Wolfe, Gunst & Hinson, PLLC, by Robert C. Gunst, Jr., and Brian E. Wolfe, for Defendant-Appellee.*

GRIFFIN, Judge.

Plaintiffs William Fitzgerald, William Fitzgerald, Jr., and Rina Fitzgerald appeal from the trial court's order granting Defendant National Restoration, LLC's, motion for summary judgment. Plaintiffs contend the trial court erred because

genuine issues of material fact exist.  We disagree and hold the doctrine of *res judicata* mandated the trial court's order.

## I.    Factual and Procedural Background

William Fitzgerald and Rina Fitzgerald are the parents of William Fitzgerald, Jr.  The family resides at their home in Charlotte, N.C.  William, Jr., is a developmentally disabled adult and is unable to live fully independently.  Through William, Jr.'s, managed care organization, Alliance Health, William and Rina contracted with Defendant to complete a number of renovations to their home to give William, Jr., an independent living space.  On 20 April 2022, Plaintiffs and Defendant entered into a contract for the completion of the renovations.  On 16 May 2022, construction began on the home.  Construction ceased on 27 May 2022.

On 27 July 2022, Plaintiffs filed a complaint in small claims court for the return of monies expended to Defendant, due to failure to complete the renovations. On 31 August 2022, after a hearing on the matter, a Union County magistrate entered judgment in favor of Plaintiffs for the amount of $2,000 plus interest.  The renovations were later completed by a third-party vendor.

On 28 December 2022, Plaintiffs filed the present action in the Mecklenburg County Superior Court.  In their amended complaint, Plaintiffs allege that Defendant's work within the home was well below the expected quality.  They state that several aspects of the construction were defective or wholly incomplete.

Plaintiffs allege further that Defendant's actions were the proximate cause of a litany of physical and mental health issues. Lastly, they allege Defendant abandoned its contractual obligation to complete the construction.

On 21 December 2023, Defendant moved for summary judgment claiming that there were no genuine issues of material fact and it was entitled to judgment as a matter of law. On 22 May 2024, Defendant's motion came for hearing in Mecklenburg County Superior Court. On 31 May 2024, the trial court entered an order granting Defendant's motion.

Plaintiffs timely appeal from the trial court's order.

## II. Analysis

Plaintiffs argue the trial court erred by granting Defendant's motion for summary judgment. Specifically, Plaintiffs contend there exists genuine questions of fact about each of their claims and Defendant is not entitled to judgment as a matter of law.

Summary judgment is properly granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." N.C. R. Civ. P. 56(c) (2023). "[A]n issue is material if the facts alleged are such as to constitute a legal defense or are of such nature as to affect the result of the action, or if the resolution of the issue is so essential that the party against whom it is resolved may not prevail." *McNair v. Boyette*, 282 N.C.

230, 235, 192 S.E.2d 457, 460 (1972) (citation modified). We review a trial court's ruling on a summary judgement motion de novo and consider the evidence in the light most favorable to the non-moving party. *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007).

Plaintiffs allege there are genuine issues of material fact regarding each of their claims, and therefore summary judgment was inappropriate. Defendant contends the doctrine of *res judicata* forecloses Plaintiffs' cause of action. In contrast, Plaintiffs argue *res judicata* could not have served as a basis for the trial court's order on Defendant's motion for summary judgment because a different trial court judge denied Defendant's 12(c) motion for judgment on the pleadings prior to the order granting Defendant's Rule 56 motion for summary judgment.

As a threshold matter, the parties discuss two different contracts in their briefing: (1) a self-pay contract entered into between Rina and Defendant; and (2) another contract entered into by Alliance Health and Defendant. Plaintiffs do not distinguish between the two in their small claims complaint or their amended complaint; in fact, they use the singular "contract" in both. Thus, our analysis applies with equal force to any arguments made on both contracts as they are referred to as one-and-the-same in both Plaintiffs' small claims complaint and their amended complaint here.

We also note here that Plaintiffs' contention that Defendant's *res judicata* "argument was already heard before the [trial] court and [was] decided against

Defendant" is without merit. The record reflects Defendant moved for judgment on the pleadings against Plaintiffs' original complaint, not against the amended complaint; Defendant later moved for summary judgment against the amended complaint. This being the timeline of motions, the amended complaint effectively superseded the original complaint. *Woody v. Vickery*, 276 N.C. App. 427, 440, 857 S.E.2d 734, 743–44 (2021). "Thus, the filing of the amended [] complaint rendered any arguments regarding the original complaint moot[.]" *Id.*

*Res judicata* provides "the finality that is necessary to give courts their intended effect." *Doe 1K v. Roman Catholic Diocese of Charlotte*, 387 N.C. 12, 15, 911 S.E.2d 38, 41 (2025) (citation omitted). "When a court of competent jurisdiction enters a judgment and all appeals are exhausted, the judgment is final. The rights of the parties vest and they can adjust their expectations knowing that the courts have spoken and the matter is settled." *Id.* Therefore, where a party successfully invokes the doctrine of *res judicata*, the doctrine "precludes a second suit based on the same *cause of action* between the same parties or their privies." *Fairly v. Patel*, 278 N.C. App. 376, 379, 862 S.E.2d 873, 876 (2021) (citation and internal marks omitted) (emphasis added). To this end, the judgment in a prior action "operates as an estoppel not only as to all matters actually determined or litigated in the proceeding, 'but also as to all relevant and material matters within the scope of the proceeding which the parties, in the exercise of reasonable diligence, could and should have brought forward for determination.'" *Little v. Hamel*, 134 N.C. App. 485, 487–

88, 517 S.E.2d 901, 902 (1999) (quoting *Rodgers Builders v. McQueen*, 76 N.C. App. 16, 22, 331 S.E.2d 726, 730 (1985)).  Litigants, being held to the standard of reasonable diligence, may not skirt around the doctrine of *res judicata* "by shifting legal theories or asserting a new or different ground for relief."  *Id*. at 489, 517 S.E.2d at 903 (citation and internal marks omitted).

For a party to succeed on the defense of *res judicata*, they must show "that the previous suit resulted in a final judgment on the merits, that the same cause of action is involved, and that both the party asserting res judicata and the party against whom res judicata is asserted were either parties or stand in privity with parties."  *State ex rel. Tucker v. Frinzi*, 344 N.C. 411, 413–14, 474 S.E.2d 127, 128 (1996) (quotation omitted).  Black's Law Dictionary defines a cause of action as "[a] group of operative facts giving rise to one or more bases for suing; a factual situation that entitles one person to obtain a remedy in court from another person."  *Cause of Action, Black's Law Dictionary* (12th ed. 2024).

Here, the final judgment entered in the small claims case bars the current action.  In the small claims case, Plaintiffs filed suit against Defendant on 7 June 2022 in Union County Small Claims Court seeking the return of monies deposited with Defendant on 20 April 2022.  They claimed Defendant "refused to do the contracted work and pulled out of the job on [27 May 2022] and gave only a partial refund stealing our $$$[.]"  Similarly, in their amended complaint Plaintiffs allege "[on 20 April] 2022, Rina Fitzgerald and [] Defendant National Restoration, LLC

entered into a construction contract pursuant to which [Defendant] agreed to make certain improvements to the Fitzgerald Home in order to modify the Fitzgerald Home and improve William[, Jr.]'s quality of life." Plaintiffs further allege the same date on which construction ceased, 27 May 2022.

A magistrate entered a final judgment rewarding Plaintiffs $2,000 plus interest on 31 August 2022. While Plaintiffs bring more specific and detailed allegations in their amended complaint as compared to their small claims complaint, both suits arise from the same transaction: breach of the 20 April 2022 contract. Plaintiffs' claim for negligent infliction of emotional distress also flows from the same cause of action as the emotional distress they allege flows from the same group of operative facts; Defendant ceased working on Plaintiffs' home and left it in a state of disrepair.

As such, Plaintiffs' claim for negligent infliction of emotional distress should have, through the exercise of reasonable diligence, been brought concurrently with their first claim for breach of contract. Because it was not, the doctrine of *res judicata* also bars recovery upon it.[1] *See Whitacre P'Ship v. Biosignia, Inc.*, 358 N.C. 1, 15, 591 S.E.2d 870, 880 (2004) ("The doctrine [of *res judicata*] prevents the relitigation of

---

[1] While the same reasoning applies to Plaintiffs' claim that Defendant violated North Carolina's Unfair and Deceptive Trade Practices Act, this issue is deemed abandoned as Plaintiffs do not make an argument on this issue in their brief on appeal. *See* N.C. R. App. P. 28(g) ("Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned.").

'all matters . . . that were or should have been adjudicated in the prior action.'" (quoting *Thomas M. McInnis & Assocs. v. Hall*, 318 N.C. 421, 428, 349 S.E.2d 552, 556 (1986))).

The parity between the parties and claims in both actions satisfy the requirements of *res judicata*. Moreover, the judgment entered in small claims court is a final judgment on the merits of Plaintiffs' cause of action. *See Fairley*, 278 N.C. App. at 379–80, 862 S.E.2d at 876 (discussing the finality of a small claims judgment for *res judicata* purposes). Thus, "the previous [small claims] suit resulted in a final judgment on the merits, [] the same cause of action is involved, and [] both the party asserting *res judicata* and the party against whom *res judicata* is asserted were either parties or stand in privity with parties." *Frinzi*, 344 N.C. at 413–14, 474 S.E.2d at 128.

Accordingly, the trial court properly granted summary judgment in Defendant's favor.

## III. Conclusion

For the foregoing reasons, we affirm the trial court's order granting defendant's motion for summary judgment.

AFFIRMED.

Judges GORE and STADING concur.

Report per Rule 30(e).